## Dunkerton *v.* North Braddock Borough et al., Appellants.

Argued March 30, 1938. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*George Y. Meyer,* with him *Samuel G. Wagner* and *Ecker & Curran,* for appellants, in No. 122, and appellees, in No. 125.

*Jos. F. Mayhugh,* for appellant, in No. 125, and appellees, in No. 122.

*Walter L. Dipple,* with him *Benjamin Rosenshine,* for plaintiff appellee.

OPINION BY MR. JUSTICE DREW, April 18, 1938:

At the car stop near the intersection of Bell Avenue and Jones Avenue in the Borough of North Braddock the curbing bordering the roadway is constructed of heavy stones six inches in width and protruding above the surface of the highway four and a half inches. Between two of these stones a crevice had developed, an inch in width at the top, increasing to four inches at the base of the exposed curbing. For approximately a foot on either side of the crevice the two stones had been gradually worn away, sloping toward the roadway, and tapering in toward the crevice, so that their width along the top, measured at the junction, was but an inch. This

description is based upon the photographs contained in the record, together with the testimony founded upon actual measurements, to the exclusion of mere estimates and conjectures: *Wright v. Pittsburgh Rys. Co.,* 320 Pa. 40, and cases there cited.

The action is trespass to recover for personal injuries sustained when plaintiff's foot allegedly caught in the crevice and threw her backward to the sidewalk as she was about to board a street car, shortly after seven o'clock in the evening on October 10, 1935. Defendants are the municipality and the owners of the abutting property. The trial resulted in a verdict for plaintiff; defendants' motions for a new trial and for judgment n. o. v. were refused and these appeals followed.

"The standard of care to which a city is held in the maintenance of its sidewalks is one of reasonable safety. It is not an insurer of the absolute safety of the pedestrians who make use of its sidewalks and streets": *McGlinn v. Philadelphia,* 322 Pa. 478, 480. Here, as in *Burns v. Pittsburgh,* 320 Pa. 92, 96, we are forced to the conclusion that plaintiff "failed to show that the condition of the depression was so dangerous for travel as to charge the municipality with negligent maintenance and repair of the highway, since it was a gradual or tapering depression and not a precipitous one; nor of such depth and width that with the tapering sides the jury should have passed on the question of negligence."

The only evidence of plaintiff's fall is that given by herself. She merely testified that she fell and that after she got up she noticed "a little defect in the curb," over which she concluded she must have fallen. It could just as well have been the fact that the curb is slightly elevated above the dirt plot that separates the curbing from the sidewalk proper, or the general slope of the entire curb. It is not enough for a plaintiff to show a negligent condition that may or might be responsible for her fall; she must establish with reasonable particularity and certainty the defect forming the basis of the ac-

tion. This is especially true where there are some conditions for which defendants may be liable and some for which they may not: cf. *Burns v. Pittsburgh,* supra. Not only did plaintiff fail to establish a defective condition sufficient to constitute a breach of duty on defendants' part, but she also failed to prove that her fall was due to any such alleged condition.

In this disposition of the case it is unnecessary to discuss plaintiff's alleged contributory negligence; nor need we concern ourselves with the arguments of the respective defendants as to liability for defective curbing.

The judgments of the court below are reversed and judgments are here entered in favor of defendants.