Koch et vir *v.* White Haven Borough, Appellant.

Argued November 10, 1948. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*M. F. McDonald,* with him *Albert F. Maier,* for appellant.

*Frank P. Slattery,* with him *James McQuade,* for appellees.

OPINION OF MR. JUSTICE DREW, January 10, 1949:

Plaintiffs, Luella Irene Koch, and her husband, George E. Koch, brought this suit in trespass against defendant, Borough of White Haven, Luzerne County, to recover damages for personal injuries sustained by her when she fell on the cartway of a public highway of the Borough. The jury returned a verdict in favor of each plaintiff. The learned court below refused defendant's motions for a new trial and for judgment n. o. v., and these appeals followed.

Reading the record in the light most favorable to plaintiffs, the following facts appear: Plaintiffs resided at the time of the accident, and for thirteen years prior thereto, in a house situated on the southeast corner of Susquehanna and Towanda Streets in the Borough of White Haven. Susquehanna Street, a very steep thoroughfare of an approximate grade of sixteen per cent, runs east and west, and intersects Towanda Street at right angles. There is no sidewalk on plaintiffs' side of Susquehanna Street but there is a makeshift walk running part way down the hill on the other side. Immediately in front of plaintiffs' house the paved cartway of Susquehanna Street is about 25 feet in width and leading to that cartway over an open gutter from the house is a narrow concrete walk.

On the evening of June 16, 1944, at about eight fifty-five o'clock daylight saving time, Mrs. Koch, on her way

to a store near the foot of Susquehanna Street, came out of her house and walked over the narrow walk to the cartway of Susquehanna Street. She then turned to her right and proceeded down the steep grade. When she had travelled but a short distance and was approximately eleven feet from the open gutter, almost in the center of the paved portion of Susquehanna Street, which runs along the southerly side of the cartway, she fell and sustained a broken knee cap. She testified that she did not know what caused her to fall, except that when she fell, she put her "hand out and there was dirt there, and there was stones."

Joseph Belles, a witness called by plaintiffs, stated that he was sitting on the porch of his home on the corner of Susquehanna and Towanda Streets at the time of the accident and that he saw Mrs. Koch fall, approximately 125 feet away, and that he went to her assistance. This witness stated that on the day of the accident and for some time prior thereto, employees of the Borough had been digging a culvert on Towanda Street near Susquehanna Street, and also had been cleaning out the gutter on plaintiffs' side of the latter street. He further stated that in making these repairs defendant's workmen had left stone and dirt piled approximately 12 inches high and 20 inches wide on plaintiffs' side of Susquehanna Street for a distance of approximately 10 feet alongside of and close to the gutter near plaintiffs' house. However, this witness did not say she stepped upon this dirt or stones and he admitted that he did not know what caused her to fall. He said "I couldn't tell you what she fell on."

Mr. Koch testified that although he did not see his wife fall, he was told where the accident occurred by his young daughter, who by the way was not present when her mother sustained her injury. This witness said that sometime after the accident he examined the cartway where his daughter told him his wife had fallen and that

he found in the vicinity a large pile of dirt and stones similar to that described by the witness Belles. He indicated that dirt and stones were strewn down the hill for approximately 30 feet. That Mrs. Koch did not fall on the dirt and stones regarding which her husband testified is certain, for she must have crossed over that obstruction onto the cartway, inasmuch as she stated that she had reached a point on the cartway of Susquehanna Street approximately 11 feet from the gutter almost in the center of the street, before she fell.

It is well settled that a municipality is not an insurer of the safety of pedestrians: *Hulings v. Pittsburgh*, 150 Pa. Superior Ct. 338, 28 A. 2d 359. We said in *Schramm v. Pittsburgh*, 337 Pa. 65, 67, 9 A. 2d 373: "We have often said that 'the standard of care to which a city is held in the maintenance of its sidewalks is one of reasonable safety. It is not an insurer of the absolute safety of the pedestrians who make use of its sidewalks and streets.' "

We have examined this record with care and have found no evidence to show what caused Mrs. Koch to fall. If she fell on dirt and stones as she claims, there is nothing here to indicate the size of such dirt and stones. It was her duty to show that such dirt and stones amounted to more than a slight or trivial obstruction for which the municipality was not liable. See *Van Ormer v. Pittsburgh*, 347 Pa. 115, 31 A. 2d 503. Plaintiffs adduced no evidence that the dirt and stones which Mrs. Koch felt when she fell constituted an unreasonable danger to pedestrians using the street. While Belles and her husband described the pile of dirt and stones along the southerly side of the cartway, there is not one bit of evidence that this dirt and stones caused her to fall. Under the evidence here presented the learned court below was bound, as a matter of law, to hold that there was no negligence shown on the part of the defendant municipality which was the proximate cause of this accident.

In this view of the controversy, we need not pass upon the matter of the alleged contributory negligence of Mrs. Koch.

Judgments reversed and here entered for defendant, Borough of White Haven.