## Aloia *v.* City of Washington, Appellant.

Argued March 24, 1949. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON and STEARNE, JJ.

*Francis H. Patrono*, for appellant.

*George I. Bloom*, with him *Bloom, Bloom & Yard*, for appellee.

OPINION BY MR. JUSTICE DREW, April 20, 1949:

In this action of trespass, Mary Aloia, plaintiff, sued the City of Washington, a Municipal Corporation of Pennsylvania, for damages sustained when she fell as a result of stepping into a hole in one of defendant's streets. After the court had overruled the preliminary objection of defendant that it had not received the required legal notice of the accident, and the jury had returned a verdict for plaintiff in the amount of $6,000,

the learned court en banc overruled defendant's motions for judgment n. o. v. and a new trial and entered judgment on the verdict. Defendant then appealed.

Viewing the motion for judgment in the light most favorable to plaintiff, the following pertinent facts are disclosed by the record: The accident occurred at about nine o'clock on the evening of December 4, 1944, on Murray Avenue in the City of Washington, about 50 feet from its intersection with Springfield Avenue and opposite the home of one McKinney. It was a dark night and the street light at that intersection was not burning. Murray Avenue, which is a public street surfaced by black top, descends steeply to Springfield Avenue. Plaintiff walked down the left side of Murray Avenue on the sidewalk until it terminated, whereupon she stepped into the cartway of the street and, after proceeding but a few feet she stepped into the hole which caused her injury. There was no sidewalk on the other side of Murray Avenue. Plaintiff was unfamiliar with the street and had no knowledge of any defect in its paving.

When several persons, who resided nearby, went to plaintiff's aid she was sitting in the cartway two feet in front of a rigged hole approximately fourteen inches in diameter and three inches deep. That hole had existed for about three months and was the only one in the immediate area where plaintiff fell.

It is well settled that a municipality is not an insurer of the safety of pedestrians: *Koch v. White Haven Borough*, 360 Pa. 627, 63 A. 2d 1. The standard to which a city is held in the maintenance of its streets and sidewalks is one of reasonable safety: *Dunkerton v. N. Braddock Boro.*, 330 Pa. 89, 198 A. 677; *McGlinn v. Philadelphia*, 322 Pa. 478, 186 A. 747. A slight defect does not impose liability on the municipality: *Van Ormer v. Pittsburgh*, 347 Pa. 115, 31 A. 2d 503, *Davis v. Potter*, 340 Pa. 485, 17 A. 2d 338. What constitutes a defect sufficient to

render the city liable must be determined in the light of the character of the traffic for which the use of the street is intended and, except where the defect is obviously trivial, that question must be submitted to the jury: *Magennis v. Pittsburgh*, 352 Pa. 147, 42 A. 2d 449; *Henn v. Pittsburgh*, 343 Pa. 256, 22 A. 2d 742.

In the instant case, no sidewalk was provided at the point of the accident and pedestrians were compelled to use the cartway. The hole in question was within a few feet of the left edge of the cartway directly in the line of travel of such pedestrians. In view of these facts, it was clearly for the jury to decide whether the city was negligent in allowing a hole of such size and nature to go unrepaired for several months. The question of contributory negligence was also for the jury.

Defendant contends that there was no evidence that its negligence caused plaintiff's fall. Plaintiff testified that she fell in a rough and jagged hole on the left side of the cartway of Murray Avenue in front of the McKinney home. One of plaintiff's witnesses, Jess Evans, who took plaintiff to the hospital from the scene of the accident and who was familiar with the condition of Murray avenue, testified that plaintiff, immediately after falling was in the cartway of Murray Avenue in front of the McKinney home and but a few feet from a large hole twelve to fourteen inches in diameter and two or three inches deep. He also stated that that hole was the only one in that vicinity.

Edna Evans, another of plaintiff's witnesses, also testified that plaintiff had fallen in the cartway in front of the McKinney home and that there was a hole there. She stated that she was familiar with that particular hole because she had seen it often, and could see it from her own back door. A careful reading of the whole record makes it clear that the hole was sufficiently identified as being the cause of plaintiff's fall and the case was properly submitted to the jury.

To comply with the Act of July 1, 1937, P. L. 2547,[1] plaintiff gave defendant notice in writing on June 1, 1945, that she had a claim against it "by reason of . . . [defendant's] negligence . . . in permitting an unsafe and hazardous condition at or near 74 Murray Avenue . . . and as a result . . . [plaintiff] sustained serious injuries . . ." Defendant argues that this notice stated merely conclusions, not facts and was therefore, insufficient to comply with the Act of 1937. With this contention we do not agree. The purpose of that statute is to provide municipalities with the opportunity to make a timely investigation and avoid the difficulty of defending against stale claims: *Badger v. Upper Darby Twp.*, 348 Pa. 551, 36 A. 2d 507; *Lutz v. Scranton,* 140 Pa. Superior Ct. 139, 13 A. 2d 121. This notice gave defendant ample opportunity to conduct a full investigation, and did comply with all the requirements of the statute.

We find no merit in any of defendant's contentions and the learned court below properly entered judgment on the verdict.

Judgment affirmed.

---

[1] That Act provides: "hereafter any person . . . claiming damages from any . . . municipality, arising from the negligence of such municipality . . . shall, within six (6) months from the date of origin of such claim . . . file . . . a notice in writing of such claim, stating briefly the facts upon which the claim is based."