## Frantz et ux. v. Slatington Recreation Commission et al.

*Morris Efron,* for plaintiffs.

. .*Butz, Huddus, Tallman & Rupp* and *W. A. Steckel,* for defendants.

HENNINGER, P. J., December 28, 1953.—Wife plaintiff was injured on August 2, 1950, while watching a coaster derby on the streets of the Borough of Slatington, when one of the coasters mounted the sidewalk and struck her.

On July 31, 1952, plaintiffs filed a præcipe for a summons in trespass against defendants and on November 20, 1952, filed their complaint.

On December 3, 1952, defendant Borough of Slatington moved to strike off the complaint as to it because of lack of notice of claim within six months under the Act of July 1, 1937, P. L. 2547, 53 PS §2774, which reads as follows:

"Hereafter any person, copartnership, association or corporation claiming damages from any county, city,

borough, town, township, school district or other municipality, arising from the negligence of such municipality or any employe thereof, shall, within six (6) months from the date of origin of such claim or within six (6) months from the date of the negligence complained of, file in the office of the clerk or secretary of such municipality a notice in writing of such claim, stating briefly the facts upon which the claim is based. Such notice shall be signed by the person or persons claiming damages or their representatives. No cause of action may be validly entered of record where there was a failure to file such notice within the time required by this act, except leave of court to enter such action upon a showing of a reasonable excuse for such failure to file said notice shall first have been secured."

Depositions showed that no attempt was ever made by either plaintiff or by anyone on their behalf to notify any borough official of their claim. They showed, however, that several borough councilmen, the borough secretary, and chief of police and another policeman learned of the accident either shortly after it happened or within a few days thereafter.

The insurance adjuster for the recreation commission negotiated with plaintiffs and according to plaintiffs' depositions assured them everything would be taken care of. They did not consult a lawyer until shortly before the statute of limitations would have run.

The purpose of the Act of 1927, supra, is "to provide municipalities with the opportunity to make a timely investigation and avoid the difficulty of defending against stale claims": Badger v. Upper Darby Township, 348 Pa. 551, 552; Aloia v. City of Washington, 361 Pa. 620, 624; Lutz v. Scranton, 140 Pa. Superior Ct. 139, 142; Meyers v. City of Allentown, 20 Lehigh 340, 343.

The purpose for the discretionary power given courts

to excuse compliance with the otherwise strict provisions of the act is indicated in the cases of hardship that had theretofore arisen (McBride et al. v. Rome Township, 347 Pa. 228, 230), and perhaps because of cases of actual lulling to security until the period for giving notice had passed.

We are not moved to excuse the failure to file a written claim in this case for the following reasons: (1) The accident did not occur because of any defect in the borough's streets or sidewalks or from the negligence of a borough official or employe; (2) while borough officials as individuals knew that an accident had taken place, they had no notice at all until the complaint or summons was served upon them, that a claim would be made against the borough—the summons itself was not served until more than two years after the accident; (3) the adjuster whose negotiations lulled plaintiffs into security had no relationship whatsoever with the borough, so it cannot be held responsible for his actions; (4) the claim is a stale one, even taking into consideration an adjuster's blandishments; (5) the claim, as against the borough, seems to us to be without merit.

The reasons given distinguish this case from those above cited—and it must be conceded that courts have allowed claims with belated notices far oftener than they have denied them.

It is not enough, for the purposes of this act, that municipal officials know that an accident has occurred on their streets or sidewalks. Numerous accidents thus occur and only rarely is a claim made against the municipality. It is notice of the claim and not knowledge of an accident within the municipality that informs the authorities that they ought to investigate the facts.

In the cases above cited, the actions were brought either within the period for giving notice or within a short time thereafter and in practically every case

oral notice of some kind had been given that a claim was being made.

Where negotiations were held to have lulled claimants into inaction, they were with a municipal officer or with the municipalities' insurance adjuster.

We shall not go into the merits of plaintiffs' case, excepting to say that a municipality is not an insurer for persons using its streets and sidewalks. Koch v. White Haven Borough, 360 Pa. 627, 630; Aloia v. City of Washington, supra, 623.

Now, December 28, 1953, the preliminary objections of the Borough of Slatington are sustained and the above-captioned action is dismissed as to the borough.