512 A.2d 91

Salvatore Graffigna, Appellant *v.* City of Philadelphia and Southeastern Pennsylvania Transportation Authority, Appellees.

Argued June 10, 1986, before Judges CRAIG and BARRY, and Senior Judge BLATT, sitting as a panel of three.

*Evan E. Laine, Krimsky, Levy Angstreich & Finney, P.C.*, for appellant.

*Barbara R. Axelrod,* Divisional Deputy in charge of Appeals, with her, *Armando A. Pandola, Jr.,* Chief Deputy in charge of Claims, *Handsel B. Minyard,* City Solicitor, and *Leonard R. Parks,* for appellee, City of Philadelphia.

*Stephen Dittmann,* with him, *Penny J. Scott-Sedley,* for appellee, Southeastern Pennsylvania Transportation Authority.

OPINION BY JUDGE CRAIG, July 15, 1986:

Appellant Salvatore Graffigna appeals from an order of the Court of Common Pleas of Philadelphia County dismissing the appellant's negligence suit against the City of Philadelphia and Southeastern Pennsylvania Transportation Authority (SEPTA) for failure to comply with the notice prerequisite of 42 Pa. C. S. §5522, providing in pertinent part:

(a) Notice prerequisite to action against government unit.

(1) Within six months from the date that any injury was sustained or any cause of action ac-

crued, any person who is about to commence any civil action or proceeding within this Commonwealth or elsewhere against a government unit for damages on account of any injury to his person or property under Chapter 85 (relating to matters affecting government units) or otherwise shall file in the office of the government unit, and if the action is against a Commonwealth agency for damages, then also file in the office of the Attorney General, a statement in writing. . . .

(2) If the statement provided for by this subsection is not filed, any civil action or proceeding commenced against the government unit more than six months after the date of injury to person or property shall be dismissed and the person to whom any such cause of action accrued for any injury to person or property shall be forever barred from proceeding further thereon within this Commonwealth or elsewhere. The court shall excuse failure to comply with this requirement upon a showing of reasonable excuse for failure to file such statement.

(3) In the case of a civil action or proceeding against a government unit other than the Commonwealth government: . . . .

(iii) Failure to comply with this subsection shall not be a bar if the government unit had actual or constructive notice of the incident or condition giving rise to the claim of a person.

The appellant suffered personal injuries from a shooting incident in a SEPTA subway station on December 8, 1978. He filed a negligence action against the city and SEPTA on December 5, 1980. The appellant had not filed a written statement with SEPTA within six

months of the incident. The trial court granted SEPTA's motion for judgment on the pleadings, finding that SEPTA was a government unit for purposes of the statute.

This case was originally appealed to and argued before the Superior Court. On February 7, 1986, the Superior Court transferred this case to this court. Because the critical issue here is whether SEPTA is a government unit for purposes of 42 Pa. C. S. §5522—an issue involving the application, interpretation and enforcement of a statute regulating the affairs of political subdivisions, municipalities and other local authorities— jurisdiction over the appeal belongs to Commonwealth Court under 42 Pa. C. S. §762(a)(4)(i)(A).

The notice prerequisite applies to an action against a government unit. The definition of "government unit" is found in the Judicial Code, 42 Pa. C. S. §102 as:

The General Assembly and its officers and agencies, any government agency or any court or other officer or agency of the unified judicial system.

The definition of "government agency" is found in the Judicial Code, 42 Pa. C. S. §102 as:

Any Commonwealth agency or any political subdivision or municipal or other local authority, or any officer or agency of any such political subdivision or local authority.

Because SEPTA obviously is not part of the General Assembly or of the judicial system, the focus of our interpretation is whether SEPTA is a "government unit" by virtue of being a local authority.

In order to determine whether SEPTA is a local authority, we must look to SEPTA's enabling statute. Section 303 of the Pennsylvania Urban Mass Transportation Law,[1] establishing the creation of SEPTA, defines its rights and powers, in pertinent part, as:

---

[1] Act of January 22, 1968, P.L. 42, *as amended,* 55 P.S. §600.303.

(a) There is hereby authorized the creation of a separate body corporate and politic in each metropolitan area, to be known as the transportation authority of such area, extending to and including all of the territory in the metropolitan area. An authority shall in no way be deemed to be an instrumentality of any city or county or other municipality or engaged in the performance of a municipal function, but shall exercise the public powers of the Commonwealth as an agency and instrumentality thereof.

. . .

The appellant asserts that defining SEPTA as a local authority goes directly against the tenor of the enabling statute. In support of that assertion, the appellant argues that the legislature's intent is evidenced in the wording of the enabling statute which states:

An authority shall in no way be deemed to be an instrumentality of any city or county or other municipality or engaged in the performance of a municipal function. . . .

The appellant misinterprets the purpose of this sentence, which obviously stems from the legislature's intent not to violate Article 3, section 31 of the Pennsylvania Constitution prohibiting the delegation of certain powers—such as the power to make, supervise or interfere with any municipal improvement, or to levy taxes or perform any municipal functions—to any special commission, private corporation or association.

Moreover, this court's reasoning in *Scott v. Shapiro,* 19 Pa. Commonwealth Ct. 479, 339 A.2d 597 (1975), that SEPTA was not a state agency for purposes under the "Sunshine Law" was premised on our determination that SEPTA's activities had local, rather than statewide, scope. In *Scott v. Shapiro,* 19 Pa. Commonwealth Ct. at 484, 339 A.2d at 599, we stated that:

While SEPTA is not 'local' in the traditional sense, in that it encompasses and affects a multi-county area, its activities are certainly not of statewide concern. They are restricted to one particular geographical area within the Commonwealth. . . .

Accordingly, because SEPTA qualifies as a local authority, we uphold the trial court's determination that SEPTA is a government unit for purposes of 42 Pa. C. S. §5522,[2] and that the appellant was required to give SEPTA notice of his civil claim within six months of the incident.

Although we agree with the trial court that the appellant failed to comply with the notice prerequisite of 42 Pa. C. S. §5522, there are two exceptions in that statute which excuse compliance. The statute directs the court to excuse failure to comply with the notice requirements (1) upon a showing of reasonable excuse for failure to file such statement, and (2) if the government unit had actual or constructive notice of the incident or condition giving rise to the claim.

The appellant does not argue that he had reasonable excuse for failing to comply with the notice requirement. However, the appellant argues that the Philadelphia City Police investigation of his assault incident on SEPTA's property served as constructive notice. Although the reproduced record contains the police inci-

---

[2] The trial court relied on the Supreme Court's decision in *James v. Southeastern Transportation Authority*, 505 Pa. 137, 477 A.2d 1302 (1984), upholding the constitutionality of SEPTA's previous notice prerequisite statute, section 2036 of the Metropolitan Transportation Authorities Act of 1963, now repealed. That case implied in a footnote that 42 Pa. C. S. §5522 had replaced that previous statute. Here, a statutory analysis results in our express determination that SEPTA is a government unit for purposes of the notice requirements set forth in 42 Pa. C. S. §5522.

dent and investigation reports, there is no evidence that SEPTA received copies of those reports or was otherwise involved in the investigation of the incident.

Finally, the appellant argues that SEPTA failed to demonstrate that the appellant's noncompliance with the notice prerequisite prejudiced SEPTA. However, a government unit need not show that it was prejudiced by lack of timely notice. The statute imports no such requirement.

Accordingly, we affirm the trial court's order dismissing the appellant's negligence suit for failure to comply with the notice prerequisite of 42 Pa. C. S. §5522.

ORDER

Now, July 15, 1986, the order of the Court of Common Pleas of Philadelphia County, Civil Action No. 1056 December Term, 1980, dated October 4, 1984, is affirmed.