Theresa **CARDONE**

v.

**PATHMARK SUPERMARKET, et al.**

**Civ. A. No. 86–6918.**

United States District Court,
E.D. Pennsylvania.

Feb. 2, 1987.

Robert J. Young, Bristol, Pa., for plaintiff.

James C. Haggerty, Philadelphia, Pa., for defendant.

## MEMORANDUM

NEWCOMER, District Judge.

I have before me in this personal injury action a motion by the defendant Super-

---

**1.** The complaint names "Pathmark Supermarket" as the operator of the store in which the accident occurred. The Answer at ¶ 2 indicates that the Pathmark Supermarket is in fact owned

markets General Corporation ("SGC") to dismiss the complaint on statute of limitations grounds. Plaintiff opposes the motion, invoking the "discovery rule." For the reasons stated below, SGC's motion will be granted.

The facts as alleged in the complaint, filed on October 30, 1986, are as follows. On June 6, 1984, plaintiff was shopping in a Pathmark Supermarket operated by SGC[1] in Levittown, Pennsylvania. Complaint at ¶ 5. While inside the market, plaintiff walked past a coffee maker on a small table, which she alleges was under the control and supervision of the store, its officers and employees. *Id.* at ¶¶ 6–7. As she passed the coffee maker, plaintiff slipped on the wet floor and fell backwards, striking her back on the floor. After treating her injuries for a period, plaintiff suffered "additional and more aggravating symptoms, manifestations and tangible bodily or functional effects." *Id.* at ¶¶ 8–10.

The limitations period for personal injury actions in Pennsylvania is two years. 42 Pa. C.S.A. § 5524(2). The instant action seeks recovery of damages sustained by the plaintiff as a result of alleged negligence by the defendants. The incident giving rise to the cause of action occurred on July 6, 1984. "The injury is done when the act heralding a possible tort inflicts a damage which is physically objective and ascertainable." *Ayers v. Morgan,* 397 Pa. 282, 289–90, 154 A.2d 788 (1959). The lawsuit was commenced on October 30, 1986. As a result, plaintiff's claims would ordinarily be barred by the two year statute of limitations. "Once the prescribed statutory period has expired, the party is barred from bringing suit unless it is established that an exception to the general rule applies which acts to toll the running of the statute." *Pocono International Raceway, Inc. v. Pocono Produce, Inc.,* 503 Pa. 80, 468 A.2d 468, 471 (1983).

▪ One such exception is the discovery rule. *Id.*

and operated by Supermarkets General Corporation, a Delaware corporation with its principal place of business in Woodbridge, New Jersey.

The "discovery rule" exception is premised on the concept that where *the existence of an injury* cannot be reasonably ascertained, the statute of limitations does not begin to run until such time as *the injury's existence* is known or discovered or becomes knowable or discoverable by the exercise of reasonable diligence.

*Petri v. Smith,* 307 Pa.Super. 261, 453 A.2d 342, 346 (1982) (emphasis added). In *Anthony v. Koppers,* 284 Pa.Super. 81, 425 A.2d 428 (1980) (Spaeth, J.), *rev'd on other grounds,* 496 Pa. 119, 436 A.2d 181 (1981), the Superior Court of Pennsylvania adopted the formulation of the discovery rule applied by Judge Takiff in *Volpe v. Johns-Manville Corp.,* 323 Pa.Super. 130, 470 A.2d 164 (1983). *See Anthony, supra,* 425 A.2d at 436. Under that standard, the statute begins to run once a plaintiff knows or by the exercise of reasonable diligence should know of (1) the existence of the injury; (2) the operative cause of the injury; and (3) the causative relationship between the injury and the operative conduct. *Id. See also O'Brien v. Eli Lilly & Co.,* 668 F.2d 704 (3d Cir.1981); *DeMartino v. Albert Einstein Medical Center,* 313 Pa.Super. 492, 460 A.2d 295, 299 (1983).

In *DeMartino,* plaintiff began his treatment with the defendant for severely decaying teeth in October 1973, and continued until August 1977. In May 1977, plaintiff was seen by an endodontic specialist, not his regular dentist. At that time he was told that "whoever had done the root canal 'could not have been watching what he was doing.'" *Id.* 460 A.2d at 297. Plaintiff filed suit on September 10, 1979. Applying the three part *Volpe* analysis, the Superior Court concluded that, when the endodontist told plaintiff of both the harm (gum perforation and bone erosion) and of the carelessness of the previous dentist, then the plaintiff was "cognitive of the operative cause and the relationship between the cause and the injury." *Id.* 460 A.2d at 303.

■ The instant case differs significantly from the cases in which the discovery rule has been applied. *See e.g., Acker v. Palena,* 260 Pa.Super. 214, 393 A.2d 1230 (1978) (injury "concealed" by physician's assurances that problem would clean up

with the passage of time); *Anthony, supra,* 425 A.2d 428 (statute begins to run when plaintiff or plaintiff's decedent first had reason to learn that death of plaintiff's decedent may have been caused by occupational exposure to emissions from defendant's coke ovens). Unlike the other cases, the existence and cause of defendant's injuries here were known from the day of the accident. Plaintiff slipped, fell, and was injured. She thus knew of the fact of her injury: back pain; she knew of the operative cause of the injury: her fall in the supermarket; and she knew of the relationship between the cause and the injury. This is manifestly so because of the nature of the accident, and the fact that plaintiff began treating immediately after the fall.

■ Plaintiff urges the Court to deny the motion to dismiss essentially because plaintiff claims that she did not discover the severity of her injury until November 1984, nor could she have through the exercise of reasonable diligence. This proposition has never been accepted to toll the statute of limitations in Pennsylvania. To satisfy the requirement that plaintiff know, or through the exercise of reasonable diligence should know of the injury, a plaintiff need only know of its existence. *See Petri, supra,* 453 A.2d at 346 ("Although [plaintiff] was not immediately aware of the nature or extent of the damage, [the fact of the injury] was obvious.") Plaintiff here actually had the requisite knowledge to begin the running of the statute.

As the Pennsylvania Supreme Court recognized in *Pocono International Raceway, supra,* 468 A.2d at 471, there is an arbitrary aspect to a statute which makes the availability of a legal remedy "contingent on mere lapse of time." But such statutes of limitation have been duly enacted for sound reasons, and must be given effect. Because no exception to the statute applies in this case, the complaint must be dismissed.

AND IT IS SO ORDERED.