## Taylor v. Montgomery Developers Co.

*Edward J. Ross,* for plaintiffs.

*Joseph Cunningham,* for defendant Township of Northampton.

BIEHN, *J.,* July 8, 1987 — Defendant Township of Northampton filed a motion for summary judgment which was granted by this court on May 21, 1987. Plaintiffs have now appealed to Superior Court.

Plaintiffs, husband and wife, brought suit as the result of a bicycle accident in which plaintiff-husband was injured. According to the complaint, on or about February 21, 1983, plaintiff-husband was riding his bicycle when the front tire 'fell between two metal slats of a sewer grate and he was thrown to the ground.

Defendant Township of Northampton filed its motion for summary judgment alleging several reasons for dismissal. This court granted the motion based on plaintiffs' failure to give notice to the township as required by 42 Pa.C.S. §5522.

Section 5522 reads in part as follows:

"(a) *Notice prerequisite to action against government unit—*

"(1) Within six months from the date that any injury was sustained or any cause of action accrued, any person who is about to commence any civil action or proceeding within this commonwealth or elsewhere against a government unit for damages on account of any injury to his person or property under Chapter 85 (relating to matters affecting government units) or otherwise shall file in the office of the government unit, and if the action is against a commonwealth agency for damages, then also file in the office of the Attorney General, a statement in writing, signed by or on his behalf, setting forth:

"(i) The name and residence address of the person to whom the cause of action has accrued.

"(ii) The name and residence address of the person injured.

"(iii) The date and hour of the accident.

"(iv) The approximate location where the accident occurred.

"(v) The name and residence or office address of any attending physician.

"(2) If the statement provided for by this subsection is not filed, any civil action or proceeding commenced against the government unit more than six months after the date of injury to person or property shall be dismissed and the person to whom any such cause of action accrued for any injury to person or property shall be forever barred from proceeding further thereon within this commonwealth or elsewhere. The court shall excuse failure to comply with this requirement upon a showing of reasonable excuse for failure to file such statement.

"(3) In the case of a civil action or proceeding against a government unit other than the commonwealth government:

"(i) The time for giving such written notice does not include the time during which an individual injured is unable, due to incapacitation or disability from the injury, to give notice, not exceeding 90 days of incapacity.

"(ii) If the injuries to an individual result in death, the time for giving notice shall commence with such death.

"(iii) Failure to comply with this subsection shall not be a bar if the government unit had actual or constructive notice of the incident or condition giving rise to the claim of a person." 42 Pa.C.S. §5522.

It is the township's position that the accident

occurred in February 1983, the complaint was not filed until early 1985 and the statement required by section 5522 was never filed.

Plaintiffs admit that the statement was not filed. Plaintiffs argue, however, that they were excused from filing the statement because the township had actual or constructive notice of the incident or condition giving rise to their claim. It is plaintiffs' position that actual or constructive notice of the existence of the sewer system and the grate in question is the equivalent of notice of the incident or condition. We disagree.

In *Graffigna v. City of Philadelphia and Southeastern Pennsylvania Transportation Authority*, 98 Pa. Commw. 624, 512 A.2d 91 (1986), appellant suffered personal injuries from a shooting incident in a SEPTA subway station on December 8, 1978. He brought suit against the city and SEPTA on December 5, 1980. Appellant had not filed a written statement with SEPTA within six months of the incident.

In regard to the exceptions of section 5522, the court stated the following:

"Although we agree with the trial court that the appellant failed to comply with the notice prerequisite of 42 Pa.C.S. §5522, there are two exceptions in that statute which excuse compliance. The statute directs the court to excuse failure to comply with the notice requirements (1) upon a showing of reasonable excuse for failure to file such statement, and (2) if the government unit had actual or constructive notice of the incident or condition giving rise to the claim.

"The appellant does not argue that he had reasonable excuse for failing to comply with the notice requirement. However, the appellant argues that the Philadelphia City Police investigation of his

assault incident on SEPTA's property served as constructive notice. Although the reproduced record contains the police incident and investigation reports, there is no evidence that SEPTA received copies of those reports or was otherwise involved in the investigation of the incident.

"Finally, the appellant argues that SEPTA failed to demonstrate that the appellant's non-compliance with the notice prerequisite prejudiced SEPTA. However, a government unit need not show that it was prejudiced by lack of timely notice. The statute imports no such requirement.

"Accordingly, we affirm the trial court's order dismissing the appellant's negligence suit for failure to comply with the notice prerequisite of 42 Pa.C.S. §5522." *Id.* at 93–4.

Plaintiffs here have advanced no reasonable excuse for failure to file the required statement nor does the record support their argument that the township had actual or constructive notice of the incident or condition. To say that the township had notice of the incident or condition because it knew of the existence of the grate would leave section 5522 with no practical effect. Therefore, as in *Graffigna,* we shall follow the clear language of the statute.

Accordingly, defendant's motion for summary judgment was granted.