## Rohrbach v. City of Harrisburg

*James D. Flower Jr.,* for plaintiff.

*Pamela S. Parascandola,* for defendant city of Harrisburg.

DOWLING, *J.,* October 15, 1987 — Martha J. Rohrbach was traveling in a northerly direction on

Sixth St. in the city of Harrisburg on November 23, 1984. Sometime between 11:00 p.m. and 11:30 p.m., just a short distance north of Emerald St., plaintiff alleges that as she approached an excavation site in the northbound lane of North Sixth St., she swerved her car to the left and into a porch at 2316 North Sixth St. She avers that she failed to see the excavation site in the northbound lane because warning lights on the barricades were not functioning. A writ of summons was filed on November 10, 1986, naming the city of Harrisburg, the companies involved in the excavation on Sixth St., and the companies that manufactured the barricades as defendants. The complaint was filed on March 30, 1987.

This matter is before the court upon a motion for summary judgment of defendant city of Harrisburg for failure of plaintiffs to comply with 42 Pa.C.S. §5522 which provides a general rule that a plaintiff's cause of action is barred against a governmental unit if he fails within six months after the date of the injury to give notice to that governmental unit.

In 1937, the Pennsylvania General Assembly enacted the original predecessor to section 5522. Since that time the law has been amended several times but has always included a six-month period of time in which an individual may bring suit against a municipality for a cause of action accruing in negligence. Over the years, a common theme has been developed by the Pennsylvania Supreme Court in regard to the purpose of section 5522 and its predecessors. The theme is one of protection. Protection in the sense that the statute operates as a shield for governmental units from being subjected to lawsuits that are either stale and/or fraudulent. *Yurechko v. Allegheny County*, 430 Pa. 325, 243 A.2d 372 (1968); *Zack v. Borough of Saxonburg*,

386 Pa. 463, 126 A.2d 753 (1956); *Aloia v. City of Washington,* 361 Pa. 620, 65 A.2d 685 (1949); *Badger v. Upper Darby Twp.,* 348 Pa. 551, 36 A.2d 507 (1944).

Despite that theme of protection, those courts have also articulated a concern that a strict application of the six-month rule might "erect an artificial and insurmountable barrier against honest claimants." *Zack v. Borough of Saxonburg,* supra. Under such an application, the shield becomes a sword in which governmental units might cut down the rights of all tardy litigants, including those claims validly based upon negligence of that governmental unit and whose tardiness has not caused any prejudice. *Yurechko v. Allegheny County,* supra. Thus, the court in *Yurechko* held that in order to avail itself of the protective shield, the governmental unit must show that plaintiff failed to meet the six-month period *and* has suffered *undue hardship* as a result thereof. See *Landis v. City of Philadelphia,* 245 Pa. Super. 514, 369 A.2d 746 (1976).

The General Assembly responded to those concerns by amending the original law to provide for two exceptions to the six-month rule which exist in the current statute. Plaintiff must show that (1) he had a reasonable excuse for failing to give notice, or (2) the governmental unit had actual or constructive notice of the incident or condition giving rise to the claim. 42 Pa.C.S. §5522(a)(2), (a)(3)(iii).

The facts are not in dispute. Plaintiff suffered her injuries on November 24, 1984. She filed her writ of summons commencing this action on November 10, 1986. Based on the general rule of section 5522, it is clear plaintiff has not complied with the six-month time limitation. However, plaintiff relies on two arguments in opposition to defendant's motion for summary judgment: (1) that defendant has

failed to show that it will suffer undue prejudice to qualify for the six-month shield, and (2) that the city of Harrisburg had actual or constructive notice of the incident giving rise to her cause of action by virtue of the police report filed by the city of Harrisburg's police department.

As mentioned before, the Pennsylvania Supreme Court in 1968 added the requirement that a governmental unit show undue hardship to prevent a tardy plaintiff from bringing suit against it. *Yurechko v. Allegheny County*, supra. Since *Yurechko*, the law in question has been amended several times and each time, the General Assembly has failed to legislate that requirement into the statute. Therefore, the question before this court is whether it can impose the undue prejudice requirement upon the city of Harrisburg in light of the legislative changes that have occurred since *Yurechko*. In *Graffigna v. City of Philadelphia*, Commonwealth Court addressed this question. It held that the governmental unit need not show undue prejudice to invoke the shield of the six-month notification requirement. *Graffigna v. City of Philadelphia*, 98 Pa. Commw. 624, 512 A.2d 91 (1986). To quote the *Graffigna* court:

". . . the appellant argues that SEPTA [the governmental unit] failed to demonstrate that the appellant's noncompliance with the notice prerequisite prejudiced SEPTA. However, a governmental unit need not show that it was prejudiced by lack of timely notice. *The statute imports no such requirement*." Id. at 94. (emphasis added).

Plaintiff does not say that she has articulated a reasonable excuse, rather she argues that the city of Harrisburg had actual or constructive notice of the incident giving rise to the claim because of the police report filed by the city patrolman who investigated the accident. The Pennsylvania Supreme

Court has not held what constitutes "actual or constructive notice" under section 5522. In the absence of such an opinion, this court may look to lower court decisions for pursuasive guidance on this question.

Defendant has cited one such case, *Palitti v. Medwid,* in support of its position that it did not have actual or constructive notice. In *Palitti* the court held that an accident report made by a Pittsburgh police officer and filed in the police records room did not put the city of Pittsburgh on notice of an impending claim against it. *Palitti v. Medwid,* 35 D.&C.2d 754 (1966). Because of the implications of that decision, this court has closely examined the facts of *Palitti* and found them to be distinguishable from those in the instant action.

The *Palitti* case arose from a collision of defendant's car with a bus in which plaintiff was riding. Defendant sought to join the city of Pittsburgh as an additional defendant after the six-month time period of a predecessor to section 5522 had expired. The alleged liability of the city of Pittsburgh was based on the allegation that it failed to remove snow from a street it knew or should have known that ice would accumulate. Defendant argued that the city should have been charged with knowledge of an impending claim against it, because the police accident report contained a statement that the street was "snowy or icy."

That is much different than the instant action. Here the alleged negligence is that of the city of Harrisburg's failure to maintain lighting on barricades at an excavation site on a city road. An examination of the accident report filed with the Harrisburg police department reveals that the report contained much more than a mere statement of the road surface conditions. It contained a detailed,

thorough description of the events of the accident including all the relevant conditions of the road and the barricades. For example, it notes a construction hole in the northbound lane in which plaintiff was driving as being uncovered and with a flashing barricade on which neither of the lights were working. Furthermore, the occupants of the vehicle were quoted in the police report and stated that they swerved when they suddenly saw the hole in the street and crashed into the building. There is also a diagram on the police report clearly showing the involvement of the negligently maintained excavation site. We think this is ample notice to the city of the problem.

It should also be noted that a summary judgment may be entered only in a matter that is clear and free from doubt. *Consumer Party of Pennsylvania v. Commonwealth,* 510 Pa. Super. 158, 507 A.2d 323, 331 (1986).

Accordingly, we enter the following

ORDER

And now, this October 15, 1987, the motion of defendant city of Harrisburg for summary judgment is denied.