## Hoy v. Southeastern Pennsylvania Transportation Authority

*Richard J. Mennies,* for plaintiff.
*Felix P. Gonzalez,* for defendant.

McGOVERN, *J.,* August 2, 1988 — Plaintiff has appealed to the Commonwealth Court of Pennsylva-

nia from this court's order of May 17, 1988, granting defendant's motion for summary judgment.

On January 11, 1985, at approximately 8:00 a.m., plaintiff, Mrs. Alice Lucas Hoy, boarded a Southeastern Pennsylvania Transportation Authority train at the Strafford station. Upon disembarking at the Radnor station Mrs. Hoy slipped on snow located on the second to the lowest train step. She felt a pull and pain in her right shoulder. Mrs. Hoy sought medical attention for her injury on January 12, 1985, at Paoli Hospital, where she was informed by a staff doctor that she had torn her right bicep muscle, given an arm sling and told to return home. Mrs. Hoy subsequently consulted with her regular physician who told her that her shoulder injury would heal itself in time. After two to three months of little improvement, Mrs. Hoy's physician referred her to an orthopedist. On March 11, 1986 an "ortho CAT" scan was performed and revealed torn ligaments of the right shoulder rotator. Mrs. Hoy was operated upon at Bryn Mawr Hospital on May 12, 1986, in order to repair her injury.

Mrs. Hoy, in August 1986, sought legal advice and was informed that before taking any legal action against SEPTA she must first file written notification. Notice was given to SEPTA on August 15, 1986.

A summons was filed January 6, 1987, naming SEPTA defendant and on March 16, 1987, Mrs. Hoy filed a complaint alleging negligence against SEPTA. A motion for summary judgment was filed by defendant SEPTA and granted by this court. It is from the granting of this motion that plaintiff now appeals, thus necessitating the writing of this opinion.

## REASONABLE EXCUSE

It is clear that the notice provided by plaintiff to SEPTA was not within six months of her fall and injury. The plaintiff contends however that the delay in notifying SEPTA may be reasonably excused because she was unaware of the statutory notification requirement period. 42 Pa.C.S. §5522(a). That statute in pertinent part provides:

"(a) Notice prerequisite to action against government unit.

"(1) Within six months from the date that any injury was sustained or any cause of action accrued, any person who is about to commence any civil action or proceeding . . . against a government unit for damages on account of any injury to her person . . . shall file in the office of the government unit . . . a statement in writing . . .

"(2) If the statement . . . is not filed, any civil action . . . commenced against the government unit more than six months after the date of injury shall be dismissed and the person to whom any such cause of action accrued for any personal injury shall be forever barred from proceeding further thereon within this commonwealth or elsewhere. The court shall excuse noncompliance with this requirement upon a showing of reasonable excuse for failure to file such statement."

SEPTA is a "government unit" entitled to receive such six months notice of a civil claim. 42 Pa.C.S. 5522; *Graffigna v. City of Philadelphia,* 98 Pa. Commw. 624, 512 A.2d 91 (1986). Failure to fulfill this statutory condition requiring notice within six months of the injury clearly bars this civil lawsuit unless the matter falls within some exception to that proscription. *James v. Southeastern Pennsylvania Transportation Authority,* 505 Pa. 137, 477 A.2d 1302 (1984); *Cianfrani v. Commonwealth*

*State Employees Retirement Board*, 78 Pa. Commw. 597, 468 A.2d 1151 (1983), affirmed 505 Pa. 294, 479 A.2d 468 (1984).

Plaintiff contends that there was a reasonable excuse for her delay and, in any event, the statute was "tolled from running" until plaintiff discovered the true severity of her injury. This statute itself includes a provision allowing the court to excuse noncompliance where there is a reasonable excuse for the failure to file this notice. Pa.C.S. 5522(a)(2). *Graffigna v. City of Philadelphia, supra.* The Pennsylvania Commonwealth Court in *Graffigna v. City of Philadelphia, supra,* concluded that failure to comply with this statutory notice requirement may be excused either upon a showing of "reasonable excuse" for failure to file or where plaintiff establishes that the government unit had actual or constructive notice of the incident giving rise to the claim. *Graffigna v. City of Philadelphia, supra.* The alternative exception, concerning actual or constructive notice, is not included within this statutory provision but was part of the judicial interpretation of prior law repealed by virtue of the instant act. It is unclear whether the Commonwealth Court was ruling that the actual notice exception continues to exist as part of common law or would be construed as "reasonable excuse" under the statute. It is clear that the Commonwealth Court in *Graffigna v. City of Philadelphia, supra,* was only presented with the determination of whether SEPTA was a governmental unit so as to be entitled to statutory notice. That court determined that a police investigation and report was not sufficient to justify waiving the preclusive effect of this statute. Finally, the Commonwealth Court also concluded that defendant, SEPTA, had no burden to establish prejudice by lack of timely notice.

Plaintiff here seems to contend that there is no prejudice to SEPTA and discusses an investigation but at no place does plaintiff suggest that there was an investigation *at the time of this fall* or that the defendant, SEPTA, had actual or constructive notice of the incident. Therefore, if such an exemption continues to exist in our law, under the statute as presently enacted, it would still not afford plaintiff the relief she seeks since there is no suggestion here of actual or constructive notice to SEPTA.

Generally, a lack of knowledge does not serve to excuse an individual from the application of that law and such seems to be the accepted principle in matters of this nature. See *Sauerwine v. City of Erie*, 40 Erie 41 (1958). There was no oversight in the case at bar. Plaintiff simply determined to do nothing in light of the medical advice which she was receiving from her physicians concerning the minor nature of her shoulder injury. Plaintiff realized that she had fallen and injured herself. She did nothing. This is not a case where plaintiff was improperly advised by legal counsel. The 20-month delay in notification here apparently arose solely because of plaintiff's lack of realization as to the seriousness of her shoulder injury. Mrs. Hoy did, after all, know that she was injured and she sought medical attention at the hospital and from her private physician. The sole area of her ignorance relates to the extent or severity of her right shoulder injury. It is, unhappily, often the case with people who are ill or injured that the true seriousness of their affliction is not immediately known. Had the legislators determined that a lack of understanding the severity of one's injury should be an excuse they could have easily stated so when defining the exception to this statutory notice provision. Indeed, had that been the legislative will one wonders

whether any such six month provision would have been enacted.

If the facts presented by plaintiff were sufficient to present a reasonable excuse then there are few, if any, cases that would be barred by this six month notice statute. Unfortunately for plaintiff the clear meaning of this statute and a fair understanding of the facts with all inferences drawn to the plaintiff's favor, do not present a reasonable excuse to allow plaintiff's avoidance of this statute barring her from civil action against SEPTA.

## COMMENCEMENT OF PERIOD — DISCOVERY RULE

Plaintiff argues that there is an exception to this statutory notification requirement because Mrs. Hoy's delay in notifying SEPTA was caused by "a synergistic series of misdiagnoses". This allegation suggests that a series of consulted physicians simply failed to discover or apprise plaintiff that her right shoulder injury involved more than a muscle tear. Plaintiff argues that therefore the time begins to run only upon discovery of the injury's severity. The "discovery rule", normally applied in medical malpractice cases, allows the statute of limitations to begin running after a patient knows, or by reasonable diligence should know, of the existence of an injury and the causal relationship between health care conduct and that injury. *Kelly v. Johns Manville Corp.*, 590 F.Supp. 1089 (E.D. Pa. 1984). There is no case law of which this court is aware, nor have counsel suggested any, that would allow such a rule to be extended to the instant action or actions of this nature. But even if the "discovery rule" did apply it would not protect plaintiff because she was well aware of SEPTA's conduct (allowing a

slippery step), the connection of that conduct to her fall and that she was injured in that fall. Her injuries were of a sufficient concern that she sought medical treatment. There is nothing in judicial interpretation of the so called "discovery rule" suggesting that plaintiff will receive protection from the applicable statute of limitations by failure to appreciate the seriousness of injury. Such protection would be unavailable to plaintiff in the case at bar even were the "discovery rule" applicable.

Statutes of limitation in personal injury causes of action begin to run when a plaintiff discovers injury. Statutes are to be interpreted accepting their clear meaning and applying common sense and reason. As much as a court would like to afford relief for all injury the law and common sense do not provide for that type of social action; but rather, the law requires certain elements to be established before a plaintiff can recover. This statute makes no provision as to the seriousness of an injury and the legislature must be deemed sufficiently competent to include such a provision had they desired. If the severity of the injury was a compelling factor in the application of such a notice provision then one wonders what logic would have suggested the adoption of the instant legislation.

It is therefore sufficient that plaintiff knew of the conduct and that she was injured as a result thereof. *Groover v. Riddle Memorial Hospital,* 357 Pa. Super. 420, 516 A.2d 53 (1986) appeal denied 515 Pa. 600, 528 A.2d 957 (1987). The statute provides that the time period begins to run on the date of the incident and so it does here. A statute of limitation does impact where plaintiff knows of the cause of the injury but not necessarily its extent. *Cardone v. Pathmark,* 658 F. Supp. 38 (E.D. Pa. 1987). The latter litigation, interestingly, concerned a shoulder

injury and plaintiff's awareness of the operative cause of that injury as was plaintiff here. The fact that Mrs. Hoy was misdiagnosed, or not fully advised, does not remove the reality of the foregoing and serves to underline the constant nature of her discomfort and her lack of improvement even during the initial six months. No reason has been supplied for her to be excused from the applicability of controlling legislation, nor should poor medical diagnosis, if such there be, impose a liability on SEPTA where none otherwise existed.

Accordingly, this court granted the defendant's motion for summary judgment. *Taylor v. Tukanowicz*, 290 Pa. Super. 581, 435 A.2d 181 (1981); *Simpson v. Commonwealth of Pennsylvania Board of Probation and Parole*, 81 Pa. Commw. 432, 473 A.2d 753 (1984).