## Brady v. Grippin

*Dale E. Anstine,* for plaintiff.

*George F. Douglas Jr.,* for defendant Bertha M. Grippin.

*Jefferson J. Shipman,* for defendant PennDOT.

BAYLEY, *J.,* November 9, 1989 — Plaintiff entered suit against defendant, Bertha M. Grippin, as the result of an automobile accident on May 4, 1987 in which plaintiff's decedent was killed. On September 13, 1988, plaintiff amended his complaint to include as a defendant the Commonwealth of Pennsylvania, Department of Transportation. In his amended complaint, plaintiff avers that decedent, Margaret E. Brady, was traveling east on Pennsylvania Route 533 approaching the driveway at the home of defendant, Bertha M. Grippin. Grippin allegedly caused the accident when she pulled out of her driveway in front of decedent. Plaintiff pleaded, in paragraph 25 of the amended complaint, that PennDOT was negligent in causing the accident in the following respects:

"(b) Failure to recognize and reasonably foresee the special element of harm, danger and nuisance of the creation of said vertical crest curve.

"(f) Failure to put up warning signs to warn drivers.

"(g) Failure to have workmen direct traffic to warn drivers of the dangerous and hazardous condition.

"(h) Failure to utilize flashing lights to warn oncoming drivers of the hazardous and dangerous condition."[1]

Paragraph 26 avers: "The intersection where said accident occurred was and is under the exclusive control of defendant, PennDOT." We interpret that paragraph to mean the intersection of Route 533 and the Grippin driveway since plaintiff pleaded in paragraph 8 that plaintiff decedent was approaching the driveway which was located approximately one-tenth of a mile east of station marker 3/40 in North Newton Township, Cumberland County.[2]

PennDOT has filed a motion for a summary judgment, claiming: "Specifically, plaintiff's theory against PennDOT is that PennDOT had negligently allowed a dangerous condition to exist on Route 533 when it issued the Grippins a highway occupancy permit." PennDOT avers that it cannot be held "liable for the alleged negligent issuance of such a permit which allowed the Grippins to construct a driveway near the accident situs," because such conduct would not fall under any exception to sovereign immunity as set forth in the Judicial Code at 42 Pa.C.S. §8522 (Purdon 1989).

An exception to sovereign immunity is found at 42 Pa.C.S. §8522(b)(4), which provides:

*"Commonwealth real estate, highways and sidewalks* — A dangerous condition of commonwealth agency real estate and sidewalks . . . and highways under the jurisdiction of a commonwealth agency. . . ."

---

1. By stipulation of counsel filed of record on November 1, 1988, sub-paragraphs (a), (c), (d) and (e) of paragraph 25 were stricken from the amended complaint.

2. The amended complaint is hardly an example of clarity. The only reference in the document as to a vertical crest curve is isolated in sub-paragraph (b) of paragraph 25. The hazardous condition referred to in sub-paragraph (g) is not further described.

The commonwealth does not contest that Route 533 on which this accident occurred was a commonwealth highway under the jurisdiction of PennDOT. The specific allegations as to the negligence of PennDOT in plaintiff's amended complaint, all refer to Route 533 as the highway on which the deceased plaintiff was traveling at the time of the accident. Plaintiff has not pleaded in the amended complaint that the commonwealth was negligent in issuing the driveway permit at the Grippin residence. If that is plaintiff's theory, it will not be presented to a jury. Accordingly, any issue as to whether such conduct would constitute negligence, and fall within any exception to sovereign immunity, is not before us.[3]

Next, in PennDOT's new matter to plaintiff's amended complaint, it avers that plaintiff is statutorily barred from recovery against the commonwealth for failure to give notice of intent to sue within six months of the date of the accident, as required by the Judicial Code at 42 Pa.C.S. §5522(a) (Purdon 1989).[4] Plaintiff responded to the new

3. From the briefs on this summary judgment motion, it appears that PennDOT's concern about a driveway permit arises from a report prepared by an expert for plaintiff. The report, of course, is not part of the record nor does it constitute a pleading.

4. Section 5522 of the Judicial Code provides:

"(a) *Notice prerequisite to action against government unit* —

"(1) Within six months from the date that any injury was sustained for any cause of action accrued, any person who was about to commence any civil action or proceeding within this commonwealth or elsewhere against a government unit for damages on account of any injury to his person . . . shall file in the office . . . of the Attorney General, a statement in writing . . . setting forth:

"(i) The name and residence address of the person to whom the cause of action has accrued . . .

"(iii) The date and hour of the accident.

"(iv) The approximate location where the accident occurred . . .

matter by denying the allegation as a conclusion of law, and further averred that recovery is not statutorily barred by the failure to provide the notice. The record shows that plaintiff's cause of action arose on May 4, 1987, and that the first time PennDOT was notified of plaintiff's claim was when it was served with plaintiff's amended complaint on September 14, 1988. PennDOT now seeks the entry of a summary judgment based upon the failure to provide the six months' notice.

In *Ramon v. Commonwealth (PennDOT)*, 124 Pa. Commw. 416, 556 A.2d 919 (1989), suit was instituted against the commonwealth arising from a motor vehicle accident in which plaintiff did not provide the six months' notice to the commonwealth as required in section 5522(a) of the Judicial Code. Plaintiff's reason for failing to give the notice was lack of knowledge of the requirement. Interpreting *Yurechko v. Allegheny County,* 430 Pa. 325, 243 A.2d 372 (1968), the predecessor statute to section 5522, the Commonwealth Court concluded that where negligence of plaintiff or plaintiff's counsel is coupled with a determination that no undue hardship resulted to the government unit due to the failure to file a claim within the prescribed six-month period, a reasonable excuse for failure to comply with that requirement is established.[5]

"(2) If the statement provided for by this sub-section is not filed, any civil action or proceeding commenced against the government unit more than six months after the date of the injury . . . shall be dismissed. . . . The court shall excuse failure to comply with this requirement upon a showing of reasonable excuse for failure to file such statement."

5. The Commonwealth Court distinguished a case relied upon by PennDOT in the present case. *Graffigna v. City of Philadelphia et al.,* 98 Pa. Commw. 624, 512 A.2d 91 (1986). We have previously done the same. See *Andrachick v. Buchart-Horn Inc.,* 36 Cumberland L.J. 811 (1986), and 37 Cumberland L.J. 196 (1986).

The current record is insufficient for us to make a determination of whether plaintiff had a reasonable excuse not to file the notice, and whether there was undue hardship on the commonwealth due to such failure. Accordingly, we will deny PennDOT's motion for summary judgment.

## ORDER OF COURT

And now, November 9, 1989, the motion of defendant, Pennsylvania Department of Transportation, for summary judgment is denied.