556 A.2d 919

Pilar Ramon, a minor, by her parents and natural guardians, Guido Ramon and Elsie Ramon, and Guido Ramon and Elsie Ramon, in their own right, Appellants *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellee.

Argued December 15, 1988, before Judges CRAIG and BARRY, and Senior Judge NARICK, sitting as a panel of three.

*William J. Weiss, Machles & Caplan, P.C.*, for appellants.

*Robert L. Gallagher,* Deputy Attorney General, for appellee.

OPINION BY JUDGE BARRY, March 27, 1989:

Pilar Ramon (minor-appellant) and Guido Ramon and Elsie Ramon (parent-appellants) appeal from an order of the Court of Common Pleas of Philadelphia County which entered summary judgment in favor of the Department of Transportation (DOT) and against the appellants.

On December 16, 1981, minor-appellant sustained injuries when she allegedly fell after stepping into a pothole that existed in that portion of the highway located in front of the premises at 1838 Bristol Pike in Bensalem Township, Bucks County. At that time, the hole was allegedly concealed by an accumulation of ice and snow. More than six months after the date of the minor-appellant's accident, the parent-appellants, who were born in Cuba and emigrated to the United States in the 1960s, instituted an action on behalf of the minor-appellant and themselves against DOT. Prior to doing so, however, appellants had not filed written notice of their intention to file suit with DOT and the Attorney General, as they were required to do under subsection (a)(1) of Section 5522 of the Judicial Code, 42 Pa. C. S. §5522(a)(1).

In response to the complaint filed by the appellants, DOT filed an answer and new matter in which, *inter alia,* it was alleged that the action was barred by reason of appellants' failure to comply with the notice requirement of subsection (a)(1) of Section 5522. Following discovery, DOT filed a motion for summary judgment on the ground that the entire action was barred because of that failure. In opposing this motion, the parent-appellants filed affi-

davits in which, *inter alia,* they stated that they were absolutely unaware of the legal requirements concerning suit against a governmental agency. The motion for summary judgment was granted by the trial court. This appeal followed.

Section 5522 of the Code provides in pertinent part:

(a)(1) Within six months from the date that any injury was sustained or any cause of action accrued, any person who is about to commence any civil action or proceeding within this Commonwealth or elsewhere against a government unit for damages on account of any injury to his person or property under Chapter 85 (relating to matters affecting government units) or otherwise shall file in the office of the government unit, and if the action is against a Commonwealth agency for damages, then also file in the office of the Attorney General, a statement in writing, signed by or in his behalf, setting forth:

(i) The name and residence address of the person to whom the cause of action has accrued.

(ii) The name and residence address of the person injured.

(iii) The date and hour of the accident.

(iv) The approximate location where the accident occurred.

(v) The name and residence or office address of any attending physician.

(2) If the statement provided for by this subsection is not filed, any civil action or proceeding commenced against the government unit more than six months after the date of injury shall be dismissed and the person to whom any such cause of action accrued for any personal injury shall be

forever barred from proceeding further thereon within this Commonwealth or elsewhere. The court shall excuse noncompliance with this requirement upon a showing of reasonable excuse for failure to file such statement.

(3) In the case of a civil action or proceeding against a government unit *other than the Commonwealth government:*

(i) The time for giving such written notice does not include the time during which an individual injured is unable, due to incapacitation or disability from an injury, to give notice, not exceeding 90 days of incapacity.

. . . .

(iii) Failure to comply with this subsection shall not be a bar if the government unit had actual or constructive notice of the incident or condition giving rise to the claim of a person. (Emphasis added.)

Appellants argue that, pursuant to subsection (a)(3) (iii) of Section 5522, their failure to comply with the notice requirement established by subsection (a)(1) of the same section does not bar their action against DOT. According to them, DOT had actual or constructive notice of the "incident" giving rise to their claim as a result of prelitigation investigation conducted by an investigator hired by their former counsel and communications between their former counsel and DOT. They also argue that the fact that DOT had actual notice of the "condition" giving rise to their claims is evidenced by the fact, as established by an investigator's report attached to their answers to DOT's interrogatories, that DOT repaired a pothole in front of the premises located at 1838 Bristol Pike in March of 1982. The pothole repaired at that time, according to them, was the one involved in this case.

We note, however, that the provisions contained in subsection (a)(3) of Section 5522 are, by its own terms, not applicable to actions against the Commonwealth government. The term "Commonwealth government" is defined as including "[t]he government of the Commonwealth, including the courts and other officers or agencies of the unified judicial system, the General assembly and its officers and agencies, the Governor, and the *departments*, boards, commissions, authorities and officers and agencies of the Commonwealth". (Emphasis added.) 1 Pa. C. S. §102. DOT is a part of the Commonwealth government. Consequently, it can be concluded that subsection (a)(3) of Section 5522 does not require that appellants' noncompliance with the written notice requirement be excused.

Appellants also argue that Pilar Ramon's minority is an incapacity or disability and that, therefore, under subsection (a)(3)(i) of Section 5522, the period of time during which the minor-appellant is a minor is to be excluded from the six month period during which notice is to be given. In reviewing the record, it does not appear that this issue was raised below. Consequently, it must be deemed to have been waived.

Finally, appellants argue that their failure to comply with the notice requirement established by subsection (a)(1) of Section 5522 should have been excused by the trial court pursuant to subsection (a)(2) thereof. Appellants allege that, because they were unaware of, and incapable of understanding, the notice requirement established by subsection (a)(1) at the time of their daughter's accident, they had a reasonable excuse for failing to file timely notice of intention to file suit with DOT and the Attorney General.

The question here is whether the trial court abused its discretion in determining that appellants' failure to file

the prescribed notice due to ignorance of, and inability to understand, the law should not be excused. In its decision in *Yurechko v. County of Allegheny*, 430 Pa. 325, 243 A.2d 372 (1968), the Supreme Court, in addressing a situation where a plaintiff had failed to comply with the requirements of the Act of July 7, 1937, P.L. 2547, §1, former 53 P.S. §5301 (Act of 1937)[1]—a predecessor of Section 5522 of the code—held that where a plaintiff's ignorance of the law is coupled with a determination that no undue hardship resulted to the government unit from the failure to file a claim within the six month period, then a "reasonable excuse" is established. The court further indicated that it was the governmental unit's burden to prove that the failure to file the notice of claim within the six month period caused undue hardship to it, rather than the plaintiff's burden to prove that such a failure did not cause an undue hardship to the governmental unit:

> [H]aving [shown that no written notice was filed with the appropriate municipality 'clerk' under the Act], there does not then arise a presumption that, because such notice was not filed, the municipality suffered undue hardship as a

---

[1] Section 1 of the Act of 1937 provided:

Hereafter any person, copartnership, association or corporation claiming damages from any county, city, borough, town, township, school district, or other municipality arising from the negligence of such municipality or any employe thereof, shall, within six (6) months from the date of origin of such claim or within six (6) months from the date of the negligence complained of, file in the office of the clerk or secretary of such municipality a notice in writing of such claim, stating briefly the facts upon which the claim is based. Such notice shall be signed by the person or persons claiming damages or their representatives. No cause of action may be validly entered of record where there was a failure to file such notice within the time required by this act, except leave of court to enter such action upon a showing of a reasonable excuse for such failure to file said notice shall first have been secured.

result thereof. If the rule were otherwise, then the claimant would be required to show a set of circumstances ordinarily solely within the knowledge of the municipality. As was done in this case, it is a fairly simple matter for a defendant municipality to elicit testimony from a person, such as the municipal 'Director of Investigation, Claim and Records Department', or other appropriate official, to show that no written claim was forwarded or referred to that department within the six months period. But having done so, to then require that the claimant show that the failure to file such notice did not put an undue hardship on the municipality would be to require him not only to prove a negative but also to prove facts ordinarily not within the scope of his knowledge.

It has been said 'that while the Act of 1937 was intended to protect municipalities from meretricious and dishonest claimants, it did not intend to erect an artificial and insurmountable barrier against honest claimants.' ... The statute is not a sword provided to municipalities by the legislature whereby they might cut down the rights of *all* tardy litigations, *including* those whose claims are validly based upon negligence of that very municipality *and* whose tardiness has not caused any prejudice. Rather the Act of 1937, ... , serves as a shield by which municipal governments might protect themselves against claims of those who have tarried so long that they have made it insurmountably difficult for the municipality to conduct a proper investigation into the circumstances of the accident. To avail itself of this defensive shield, the municipality must show not only that the claimant failed to file written notice

of his claim within the six months period, but, further, that, as a result of his tardiness, the municipality has been unduly pressed to delve into the circumstances of the case and is unable to discover properly the events and conditions which led to the mishap and has *thus* suffered *undue hardship*. Having done so, the municipality will have shown that it was in *fact* severely prejudiced by the delinquency of the claimant, and, even though such delinquency was founded upon ignorance of the Act of 1937 or negligence of counsel in filing notice of a claim with the proper authorities, the resultant prejudice will bar claimant's recovery. (Citations omitted.) (Emphasis in original.)

430 Pa. at 332-33, 243 A.2d at 377. This Court is unable to see any language in Section 5522 of the Code which would provide it with a basis for concluding that the holding of the Supreme Court in *Yurechko* does not control a case where a plaintiff has failed to comply with the notice requirement established by subsection (a)(1) thereof, and then contends that his noncompliance should be excused pursuant to the final sentence of subsection (a)(2).

DOT, citing this Court's decision in *Graffigna v. City of Philadelphia*, 98 Pa. Commonwealth Ct. 624, 512 A.2d 91 (1986), argues that it need not demonstrate that appellants' noncompliance with the notice requirement established by subsection (a)(1) of Section 5522 prejudiced it. We note, however, that, in *Graffigna*, the appellant did not contend that he had a "reasonable excuse" for failure to comply with the notice requirement and that, therefore, his noncompliance should have been excused pursuant to the final sentence of subsection (a)(2). Instead, appellant contended only that his non-

compliance should have been excused pursuant to the provision contained in subsection (a)(3)(iii) (actual or constructive notice).

DOT also argues that appellants cannot rely on their ignorance of the law as an excuse for noncompliance with the notice requirement because they were represented at all relevant times by counsel. In reviewing the record, however, we find nothing that indicates that appellants had retained or even consulted counsel within the six month period after the date of the minor-appellant's injury.[2] Furthermore, even if they had, the Supreme Court in *Yurechko* also held that, where negligence of a plaintiff's counsel is coupled with a determination that no undue hardship resulted to the government unit due to the failure to file a claim within the prescribed six month period, a reasonable excuse for failure to comply with that requirement is established.

In reviewing the pleadings, affidavits, answers to interrogatories and responses to requests for admission that are included in the record of this case, this Court is unable to find any item wherein DOT has alleged specific facts that would indicate that, as a result of appellants' noncompliance with subsection (a) of Section 5522, it has suffered undue hardship. There is nothing in the record indicating whether, after it was served with a copy of the appellants' complaint, DOT attempted to investigate the claim or showing any actual insurmountable difficulties that it faced in delving into the claim. Furthermore, there is nothing in the record indicating that DOT has had difficulty in locating witnesses to support its case. In-

---

[2] There is evidence that an investigator hired by appellants' former counsel made a visit to DOT's Trevose facility on December 29, 1982. One can only speculate how much time had passed from the time appellants had consulted or retained their former counsel to the time this visit occurred.

stead, DOT, in its verified motion for summary judgment, simply asserted that it had "been substantially and unfairly prejudiced by [appellants'] failure to provide the statutorily required notice". Such a conclusory statement is not enough to satisfy DOT's burden of proof.

Accordingly, the trial court's order granting summary judgment is vacated and the matter is remanded to the trial court for further proceedings.

ORDER

NOW, March 27, 1989, the order of the Court of Common Pleas of Philadelphia County dated January 5, 1988, at May Term, 1983 No. 2982, is hereby vacated and the matter is remanded to that court for further proceedings.

Jurisdiction relinquished.