## Magill v. PennDOT

*Joanne Weil Rathgeber*, for plaintiff.
*Robert L. Gallagher*, for defendant.

OTT, J., June 12, 1989 — Plaintiff has appealed from this court's entry of a compulsory nonsuit on January 26, 1989.

## FACTS

Early on the morning of May 2, 1985, plaintiff was driving on a friend's car west on Pennsylvania Route 63 in Lower Salford Township, Montgomery County, when he admits he fell asleep at the wheel.

After crossing the eastbound lane, the car struck a guardrail resulting in multiple injuries to plaintiff's hands, arms and face.

Undaunted by the facts, plaintiff filed a complaint on March 31, 1986, against defendant Commonwealth of Pennsylvania, Department of Transportation. The complaint alleged PennDOT was negligent as to its design and construction of the guardrail and the roadway thereabout and, presumably, for failing to anticipate that unconscious motorists might use these facilities. Prior to commencing suit, the only notice afforded the commonwealth was a letter written by plaintiff's attorney to PennDOT on February 20, 1986, advising of plaintiff's intention to make a claim.

Along with its answer to plaintiff's complaint PennDOT filed new matter raising affirmative defenses which included, inter alia, sovereign immunity and the six-month statute of limitations relating to the notice of intention to claim damages against a government unit.[1] These affirmative defenses were subsequently pursued by means of a motion for summary judgment. Nevertheless, after filing the motion and the required brief, PennDOT failed to file an argument praecipe and the motion lay dormant until trial. The action proceeded to a jury trial on January 24, 1989, at which time PennDOT sought to pursue its motion for summary judgment. We refused to entertain it at that time as to do so would have delayed trial.[2]

At the completion of plaintiff's case, PennDOT renewed its motion for summary judgment, cou-

1. 42 Pa.C.S. §5522.

2. "After the pleadings are closed, but within such time as not to delay trial, any party may move for summary judgment on the pleadings and any depositions, answers to interrogatories, admissions on file and supporting affidavits."

pling it with a motion for compulsory nonsuit.[3] Having determined from plaintiff's evidence that he had not provided notice of his intention to claim damages within the statutorily prescribed period, we entered a nonsuit in favor of PennDOT.

Plaintiff filed a timely motion seeking removal of the nonsuit and a new trial. Following oral argument, we denied the motion by order May 2, 1989. Plaintiff has appealed to Commonwealth Court.

## ISSUES

In his statement of matters complained of filed pursuant to Pa.R.A.P. 1925(b), plaintiff alleges three errors which reduce to two issues. (1) Did the court err in ruling that plaintiff had failed to fulfill the notice requirements of 42 Pa.C.S. §5522? (2) Was a compulsory nonsuit properly granted?

## DISCUSSION

### Statute of Limitations as to Notice

The statute of limitations provision set forth in the Judicial Code at 42 Pa.C.S. §5522 provides in pertinent part:

"(a) *Notice prerequisite to action against government unit —*

"(1) Within six months from the date that any injury was sustained or any cause of action accrued, any person who is about to commence any civil action or proceeding within this commonwealth or elsewhere against a government unit for damages on account of any injury to his person or property under Chapter 85 (relating to matters affecting government units) or otherwise shall file in the

---

3. Pa.R.C.P. 230.1.

office of the government unit, and if the action is against a commonwealth agency for damages, then also file in the office of the attorney general, a statement in writing, signed by or in his behalf, setting forth:

"(i) The name and residence address of the person to whom the cause of action has accured.

"(ii) The name and residence address of the person injured.

"(iii) The date and hour of the accident.

"(iv) The approximate location where the accident occurred.

"(v) The name and residence or office address of any attending physician.

"(2) If the statement provided for by this subsection is not filed, any civil action or proceeding commenced against the government unit more than six months after the date of injury to person or property shall be dismissed and the person to whom any such cause of action accrued for any injury to person or property shall be forever barred from proveeding further thereon within this commonwealth or elsewhere. The court shall excuse failure to comply with this requirement upon showing of reasonable excuse for failure to file such statement." The constitutionality of this provision was affirmed by the Supreme Court of Pennsylvania in *James v. SEPTA,* 505 Pa. 137, 477 A.2d 1302 (1984). The court explained that the statutory notice was actually a condition precedent to the commonwealth's consent to be sued and when the notice is not provided a case is properly dismissed.

Plaintiff's evidence established that the accident occurred on May 2, 1985, and that the only notice he provided prior to the commencement of suit was a letter sent by his attorney on February 20, 1986, addressed to defendant, but not the attorney general,

and containing some, but not all, of the information mandated by the notice statute. Consequently, one of two designated commonwealth entities received only patial notice and then, not until more than nine and one-half months following the accident.

Plaintiff first seeks to invoke that portion of subsection (a)(2) which excuses the failure to comply "upon a showing of reasonable excuse for failure to file such statement." The single excuse mentioned was that the debilitating nature of his injuries and his lengthy convalescence prevented his attention to these requirements within the prescribed period. His own evidence belies this assertion. Terry Antman, plaintiff's friend and housemate at the time of the accident and the owner of the car he was driving, testified for plaintiff at trial. She acknowledged that she went to the scene of the accident and took photographs on the day of the accident because of her belief that the guardrail had not been helpful and had caused more damage to the plaintiff than it should have. She also testified that consulted with plaintiff's trial counsel on his behalf within a couple weeks of the accident. Plaintiff himself testified that he was discharged from his doctor's care on October 21, 1985, and that he was driving in October or November 1985. As no other reasons were proferred to excuse compliance, these admissions effectively refute any allegation of a "reasonable excuse for failure to file such statement."

An example of a "reasonable excuse" was demonstrated in the federal case of *Tribe v. Borough of Sayre,* 562 F.Supp. 419 (W.D.N.Y. 1983). There, the district court determined that a reasonable excuse existed where counsel reasonably assumed that New York law would apply to an accident occurring in New York State involving a New York resident and a Pennsylvania police car following a high-speed

chase. The court reasonsed that counsel's failure to provide notice was due, in large measure, to a difficult choice-of-law issue, the answer to which was not previously subject to a definitive ruling. In this case, however, plaintiff's counsel never argued or suggested that any confusion existed on her part as to the legal requirements. Inasmuch as counsel was consulted within a couple of weeks of the accident, no reasonable excuse is evident.

In addition to the absence of a "reasonable excuse," we also determine that plaintiff's failure to provide timely notice to PennDOT prejudiced its preparation for trial. In *Graffigna v. City of Philadelphia,* 98 Pa. Commw. 624, 512 A.2d 91 (1986), the Commonwealth Court held that a governmental unit need not demonstrate that it was prejudiced by lack of timely notice. Nevertheless, that ruling was recently restricted to subsection (a)(3) in the case of *Ramon v. PennDOT,* 124 Pa. Commw. 416, 556 A.2d 919 (1989). *Ramon* is distinguishable on its facts because the parents of the minor plaintiff had emigrated to the United States from Cuba in the 1960's and filed affidavits stating they were unaware of, and incapable of understanding, the notice requirement in question. In addition, PennDOT failed to allege any prejudice. In this case, plaintiff never argued or suggested ignorance of the law, choosing instead to rely on his alleged disability. Moreover, PennDOT did allege prejudice which was supported by the facts. Defendant moved for the admission of its Exhibit 3 in plaintiff's case without objection. That exhibit is an invoice for accident damage dated October 31, 1985, reflecting the cost of the repair of the guardrail in question. Having fully repaired the guardrail before receipt of notice of intention to file a claim, PennDOT unwittingly destroyed potential evidence. Thus, plaintiff

was the only party with an opportunity to conduct a pre-repair investigation. It is precisely this handicap the statute was designed to avoid.

Finally, plaintiff seeks protection in the form of certain extensions provided in subsection (a)(3) of section 5522. Its pertinent subparagraphs provide:

"(3) In the case of a civil action or proceeding against a government unit other than commonwealth government:

"(i) The time for giving such written notice does not include the time during which an individual injured is unable, due to incapacitation or disability from the injury, to give notice, not exceeding 90 days of incapacity.

. . .

"(iii) Failure to comply with this subsection shall not be a bar if the government unit had actual or constructive notice of the incident or condition giving rise to the claim of a person."

Plaintiff's strategy fails in two respects. Most importantly, PennDOT is a "commonwealth government" to which the exceptions of paragraph (a)(3) by express wording do not apply. The Commonwealth Court so determined in *Ramon v. PennDOT, supra.* Even if subsection (a)(3) did apply neither subparagraph (i) or (iii) would avail plaintiff. Subparagraph (i) provides a maximum extension of 90 days due to incapacitation or disability. Accordingly, plaintiff would still have been required to provide the requisite notice on or before February 2, 1986. His counsel's letter providing partial notice was sent 18 days after this date. Nor can plaintiff point to actual or constructive notice required by subparagraph (iii). The official police accident report of Lower Salford Township, upon which plaintiff relies for this purpose, provides no

facts or statements that would lead anyone to assume that a claim was to be made. Indeed, that report reflects a one-car accident with a statement attributed to plaintiff that he fell asleep at the wheel. Only an individual with plaintiff's imagination could see a lawsuit in those facts.

On the basis of the evidence produced by plaintiff's own witnesses, he clearly failed to establish the condition precedent as to the required notice and demonstrated no "reasonable excuse" therefor. Accordingly, we correctly determined that the affirmative defense established by the statute barred the action. Having done so, we need not address the more interesting question of whether a sleeping motorist can ever establish that the negligence of a third party was the legal or proximate cause of his injuries.

## Compulsory Nonsuit

The standard for a compulsory nonsuit is governed by Pa.R.C.P. 230.1 and has recently been explained by the Superior Court.

"A compulsory nonsuit can only be granted in cases where it is clear that a cause of action has not been established and the plaintiff must be given the benefit of all favorable evidence along with all reasonable inferences of fact from that evidence, resolving any conflict in the evidence in favor of the plaintiff." *Storm v. Golden,* 371 Pa. Super. 368, 373, 538 A.2d 61, 63 (1988).

As previously discussed, plaintiff failed to establish a condition precedent to his right to pursue an action against the commonwealth, namely notice to PennDOT and the commonwealth attorney general. Nevertheless, plaintiff insists that failure to comply with the notice provision may not properly be the subject of a compulsory nonsuit. He is wrong. It is

"well established that a compulsory nonsuit may be granted where the plaintiff admits uncontradicted facts which establish an affirmative defense." *Rutter v. Northeastern Beaver County School District,* 283 Pa. Super. 155, 159, 423 A.2d 1035, 1037 (1980). Under the corresponding section of a predecessor act,[4] the Pennsylvania Supreme Court determined that "failure of written notice was a matter of affirmative defense to be pleaded by the defendant under rule 1030 of the Rules of Civil Procedure." *Zack v. Saxonburg Borough,* 386 Pa. 463, 473, 126 A.2d 753, 757 (1956). PennDOT having raised the affirmative defense in its new matter is required by Pa.R.C.P. 1030, the establishment of the defense by plaintiff's own evidence required the entry of a nonsuit.

Plaintiff nevertheless insists that the nonsuit was precluded by PennDOT's counsel requesting it in combination with his motion for summary judgment. Even if this coupling of alternative motions were inappropriate, which it is not, summary judgment was never granted. To the contrary, it was denied at the commencement of trial and never thereafter addressed by this court. We clearly stated on the record that we were "granting defendant's motion for compulsory nonsuit pursuant to Pennsylvania Rule of Civil Procedure 230.1." Moreover, the written order entered January 26, 1988, reads:

"And now, January 26, 1988, upon motion by defendant for compulsory nonsuit pursuant to Pa.R.C.P. 230.1, said motion is granted and plaintiff's complaint is dismissed."

PennDOT's clear right to a nonsuit was not thwarted by its unsuccessful, earlier pursuit of a motion for summary judgment.

---

4. Act of July 7, 1937, P.L. 2547, §1, 53 P.S. §5301.

## CONCLUSION

Defendant PennDOT having properly raised the affirmative defense of plaintiff's failure to provide the statutorily prescribed notice of his intention to make a claim as a result of the accident of May 2, 1985, and plaintiff's own evidence having conclusively proven this failure without excuse, the court properly entered a compulsory nonsuit at the close of plaintiff's case.