## Hilbert v. Novak

*Mark Malkames* and *William Malkames*, for plaintiffs.

*William E. Schantz,* for defendant Richard J. Novak.

*William A. Slotter,* for defendant PennDOT.

McGINLEY, *J.*, August 30, 1989 — The matter before the court is plaintiffs' motion for partial summary judgment. Plaintiffs' motion raises a question of apparent first impression in this commonwealth: whether 42 Pa.C.S. §5533(b), which tolls the running of statutes of limitation until a minor reaches majority, tolled the running of the six-month period within which plaintiff should have given notice to the commonwealth defendant as required by 42 Pa.C.S. §5522(a).[1] Plaintiffs argue that they are entitled to judgment that they complied with section 5522(a) as a matter of law.[2] The

1. Appellants in *Ramon v. Department of Transportation,* 124 Pa. Commw. 416, 420, 556 A.2d 919, 921 (1989), attempted to raise this issue but the court determined that it had been waived because it had not been raised at the trial level.

2. By order of court dated April 21, 1989, defendant Commonwealth of Pennsylvania, Department of Transportation was given leave to file an amended new matter to raise the affirmative defense

facts relevant to the instant motion are undisputed. On May 9, 1985, a car driven by defendant Richard J. Novak struck Gary Hilbert Jr., who was a minor, resulting in injuries to him. A notice substantially in the form required by 42 Pa.C.S. §5522(a) was transmitted to defendant PennDOT and the other required individuals on January 17, 1986, more than eight months after the accident.

Plaintiffs filed a complaint against both defendants on January 7, 1987. Gary Hilbert Jr. turned 18 years of age on February 24, 1987.

Title 42 Pa.C.S. §5522(a) provides, in relevant part:

"(a) *Notice prerequisite to action against government unit* —

"(1) Within six months from the date that any injury was sustained or any cause of action accrued, any person who is about to commence any civil action or proceeding within this commonwealth or elsewhere against a government unit for damages on account of any injury to his person or property under Chapter 85 (relating to matters affecting government units) or otherwise shall file in the office of the government unit, and if the action is against a commonwealth agency for damages, then also file in the office of the Attorney General, a statement in writing, signed by or in his behalf, setting forth:

"(i) The name and residence address of the person to whom the cause of action has accrued.

"(ii) The name and residence address of the person injured.

"(iii) The date and hour of the accident.

---

alleging plaintiffs' alleged failure to comply with the six-month notice provision of 42 Pa.C.S. §5522(a). The amended new matter was filed by defendant PennDOT on May 4, 1989.

"(iv) The approximate location where the accident occurred.

"(v) The name and residence or office address of any attending physician.

"(2) If the statement provided for by this subsection is not filed, any civil action or proceeding commenced against the government unit more than six months after the date of injury shall be dismissed and the person to whom any such cause of action accrued for any personal injury shall be forever barred from proceeding further thereon within this commonwealth or elsewhere. The court shall excuse non-compliance with this requirement upon a showing of reasonable excuse for failure to file such statement."

Title 42 Pa.C.S. §5533(b) excludes any period of minority from the time within which an individual who has suffered injuries must *commence* a civil action. It provides in relevant part:

"(b) *Infancy* — If an individual entitled to bring a civil action is an unemancipated minor at the time the cause of action accrues, the period of minority shall not be deemed a portion of the time period within which the action must be commenced. Such person shall have the same time for commencing an action after attaining majority as is allowed to others by the provisions of this subchapter. As used in this subsection the term 'minor' shall mean any individual who has not yet attained the age of 18." As amended May 30, 1984, P.L. 337, no. 67, §1, effective in 30 days.

Plaintiffs assert that 42 Pa.C.S. §5533(b) tolled the six-month time period within which notice must be given under 42 Pa.C.S. §5522(a), so that the six months did not begin to run until Gary L. Hilbert Jr. turned 18 years of age. Inasmuch as plaintiffs provided notice to PennDOT even before Gary L.

Hilbert Jr. reached majority, plaintiffs claim that they have complied with section 5522(a).

Title 42 Pa.C.S. §5522(a) does not limit the time within which an action may be commenced. Rather, it limits the time within which a plaintiff must give notice to a government unit that he/she may *in the future commence* an action against that unit. (Compare 42 Pa.C.S. §5522(a) to section 5522(b), section 5523 et seq.)

Inasmuch as 42 Pa.C.S. §5533(b) tolls statutes which limit the time within which an action may be brought and 42 Pa.C.S. §5522(a) does not limit the time within which an action may be brought, but instead limits the time within which the notice prerequisite to the bringing of the action must be filed, we find that section 5533(b) does not apply to section 5522(a), and therefore conclude that Gary L. Hilbert Jr.'s minority did not toll the running of the six-month limitation. Accord *George v. Town of Saugus,* 394 Mass. 40, 474 N.E.2d 169 (1985). But see *Vedutis v. Tesi,* 135 N.J. Super. 337, 343 A.2d 171 (1975). See also 18 E. McQuillin, "Municipal Corporations" §53.159 at 769-74; Anno. 58 ALR 4th 402 (1987).[3]

Plaintiffs argue that the notice required by 42 Pa.C.S. §5522(a) commences an action against a government unit, and therefore that the six-month period is a limitation upon when an action can be commenced. This is clearly not the case. Section 5522 itself makes a distinction between a personal injury suit, which requires notice to the governmental unit, and other types of suit which require actual filing of an action against the governmental

3. The New York notice of claim statute at *General Municipal Law* §50-e, subsection 5, grants the court discretion to extend the time within which the notice of claim must be served.

unit within six months. See section 5522(b). Further, an action at law can be commenced only by filing a complaint or summons (Pa.R.C.P. 1007, 42 Pa.C.S.).

Plaintiffs also contend that 42 Pa.C.S. §5533(b) necessarily implies that the causes of action of minors do not accrue until the minors attain majority. We do not agree. The statute itself assumes that a cause of action may accrue while an individual is still a minor. ("If an individual entitled to bring a civil action is an unemancipated minor *at the time the cause of action accrues . . . "*) (emphasis supplied) Further, as a matter of Pennsylvania law, a tort cause of action generally accrues upon the date of the injury. *Gibson v. Commonwealth,* 490 Pa. 156, 415 A.2d 80 (1980); *Marino v. Seneca Homes Inc.,* 63 Pa. Commw. 534, 439 A.2d 1287 (1981), appeal dismissed 499 Pa. 61, 451 A.2d 444 (1982). We find that 42 Pa.C.S. §5533(b) does not evidence a clear legislative intent to exclude minors from the aforementioned general rule.

Plaintiffs also argue that the policies underlying 42 Pa.C.S. §5533(b), that minors have the same right as others to bring an action once they reach adulthood, require that it be applied to toll the six months' notice period of 42 Pa.C.S. §5522(a). It must be noted, however, that section 5522(a) itself represents the expression of a strong state policy, i.e. that government units should be: (1) given the opportunity to make timely investigations; and (2) protected from stale and fraudulent claims. *James v. Southeastern Pennsylvania Transportation Authority,* 505 Pa. 137, 148, 477 A.2d 1302, 1307 (1984). We will not carve out an exception to this strong state policy without a clear indication of legislative intent, an intent we find lacking with respect to the six-month notice provision of section 5522(a). Accord *George v. Town of Saugus, supra.*

For all of the above reasons, we deny plaintiffs' motion. Pursuant to 42 Pa.C.S. §5522(a)(2), plaintiffs will now be permitted to present evidence that they had a reasonable excuse for their failure to timely comply with 42 Pa.C.S. §5522(a)(1).[4]

## ORDER

Now, August 30, 1989, upon review of the briefs of the parties, it is ordered that plaintiffs' motion for partial summary judgment against defendant Commonwealth of Pennsylvania, Department of Transportation is denied.

It is further ordered that a hearing on the issue of "reasonable excuse" shall be listed before the Honorable Carol K. McGinley during hearing court beginning October 9, 1989.

4. For the standards applying to the issue of reasonable excuse, see: *Yurechko v. Allegheny County*, 430 Pa. 325, 243 A.2d 372 (1968); *Ramon v. Dept. of Transportation*, 124 Pa. Commw. 416, 556 A.2d 919. See also Anno. 55 ALR 3d 930 (1974).