563 A.2d 1313

**Elizabeth Ann AUGUSTA, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Appellee.**

Commonwealth Court of Pennsylvania.

Argued June 8, 1989.

Decided Sept. 19, 1989.

Mark Steven Fridkin, Daniel J. McCarthy, Marks, Feiner & Fridkin, P.C., Philadelphia, Pa., for appellant.

William A. Slotter, Deputy Atty. Gen., Ernest D. Preate, Jr., Atty. Gen., Torts Litigation Section Allentown, Pa., for appellee.

Before BARRY, McGINLEY and SMITH, JJ.

## OPINION

BARRY, Judge.

Elizabeth Ann Augusta appeals an order of the Court of Common Pleas of Philadelphia which granted a motion for

summary judgment filed by the Department of Transportation (DOT) and dismissed her lawsuit against DOT.

Appellant was injured in an automobile accident when the car she was driving went out of control after encountering a deep berm on I–80, a state designated highway under the control of DOT. Not realizing that she had a possible cause of action against DOT, appellant did nothing for approximately one year until a friend of the family suggested that she contact a lawyer. Being a resident of New Jersey, she contacted a New Jersey lawyer who immediately referred her to a lawyer in Pennsylvania. That lawyer is present counsel, who immediately sent notice to DOT as required by 42 Pa.C.S. § 5522.

Following the filing of appellant's complaint, DOT filed an answer and new matter which pled the failure to give the required Section 5522 notice within six months. DOT thereafter filed a motion for summary judgment based upon this failure. The trial court granted DOT's motion and dismissed appellant's suit against DOT. This appeal followed.

Section 5522(a)(2) states in pertinent part, "The court shall excuse noncompliance with [the six month notice] requirement upon a showing of reasonable excuse for failure to file such statement." 42 Pa.C.S. § 5522(a)(2). In *Ramon v. Department of Transportation*, 124 Pa. Commonwealth Ct. 416, 556 A.2d 919 (1989), the minor daughter of Cuban immigrants was injured when she fell in a pothole of a DOT highway. Section 5522 notice was not given within the six month period and the trial court dismissed the suit against DOT. We vacated the trial court's order and remanded for further proceedings based on *Yurechko v. County of Allegheny*, 430 Pa. 325, 243 A.2d 372 (1968), holding that where a reasonable excuse was offered for noncompliance, the burden shifted to the public body to prove that it had suffered prejudice as the result of the noncompliance. In *Ramon*, DOT did not attempt to prove any prejudice. Accordingly, we vacated the trial court's order and remanded for further proceedings.

■ In the present case, DOT presents two arguments for not applying *Ramon* to the present case. It first argues that *Ramon* was incorrectly decided because the statute in *Yurechko* was different from Section 5522. For present purposes, we believe the two legislative pronouncements are sufficiently similar to justify our holding in *Ramon,* DOT's argument to the contrary notwithstanding. In effect, DOT argues that the six month notice requirement is a statute of limitations, based upon the language that a court "shall" dismiss a lawsuit where notice is not given within six months. What DOT ignores is a subsequent sentence in the same subsection which states that upon offer of reasonable excuse, the court "shall" excuse noncompliance. The use of the word "shall" does not support DOT's argument.

DOT also argues that appellant has failed to present a reasonable excuse. DOT argues that given the present resort to the courts for any injury, an eighteen year old college freshman who speaks English must know of when there is a possible lawsuit. While there may be some validity to DOT's assertions, we refuse to impute such legal "knowledge" to all laypersons. Appellant's excuse in this case is every bit as reasonable as that offered in *Ramon* and that case is controlling.

■ DOT also argued at oral argument that it should be given the opportunity to prove prejudice upon remand. In *Ramon,* DOT cited a pronouncement of this Court in *Graffigna v. City of Philadelphia,* 98 Pa. Commonwealth Ct. 624, 630, 512 A.2d 91, (1986), where we stated, "[A] government unit need not show that it was prejudiced by lack of timely notice. The statute imports no such requirement." As pointed out in *Ramon,* that statement was made in the context of the plaintiff claiming that DOT had actual or constructive notice under 42 Pa.C.S. § 5522(a)(3)(iii) as opposed to the reasonable excuse provisions of subsection (a)(2). Even the trial court in this case cited *Graffigna* as precedent for the proposition that DOT need not prove prejudice. Given the confusion in this area of the law, we

believe that concepts of fairness require that DOT be given the opportunity to prove that appellant's lack of timely notice prejudiced it in the preparation of its defense in this lawsuit.

Vacated and remanded.

## ORDER

NOW, September 19, 1989, the order of the Court of Common Pleas of Philadelphia at No. 815 February Term 1984, dated October 13, 1988, is vacated and the matter is remanded for further proceedings.

Jurisdiction relinquished.