568 A.2d 270

**Allen R. DAVIS and Brenda Davis, Appellants,**

**v.**

**COMMONWEALTH of Pennsylvania, PENNSYLVANIA LIQUOR CONTROL BOARD, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Sept. 12, 1989.

Reconsideration by Court En Banc Ordered Nov. 15, 1989.

Decided Dec. 21, 1989.

288

David F. Binder, Rayne, McCarty, Binder, Ross & Mundy, Philadelphia, for appellants.

Celeste Y. Lamb and Allan Ells, Deputy Atty. Gen., Philadelphia, for appellee.

Before CRUMLISH, Jr., President Judge, and CRAIG, BARRY, COLINS, PALLADINO, McGINLEY and SMITH, JJ.

CRAIG, Judge.

Mr. and Mrs. Allen R. Davis appeal from orders of the Court of Common Pleas of Philadelphia County, denying their motion to strike the Pennsylvania Liquor Control Board's (LCB) answer and new matter as untimely under Pa.R.C.P. No. 1026(a), and granting the LCB's motion to dismiss the suit because of the Davises' failure to comply with the six-month notice requirement under subsection (a)(1) of section 5522 of the Judicial Code, 42 Pa.C.S. § 5522(a)(1).

On February 15, 1986, Allen Davis was involved in an automobile accident. The driver of another car was killed and Davis became a paraplegic. On March 26, 1987, the Davises filed a complaint against the LCB for damages resulting from the accident, alleging that a state store sold him liquor even though he had been "visibly intoxicated." Subsection (b)(7) of section 8522 of the Judicial Code, 42 Pa.C.S. § 8522(b)(7), places liability on the LCB for selling liquor to any person visibly intoxicated.

On April 8, 1987, the LCB wrote to the Davises requesting an extension of time in which to file its answer to the complaint, beyond the twenty-day requirement of Pa.R.C.P. No. 1026. The request stated that the LCB would assume the Davises had granted the extension, unless they notified the LCB to the contrary.[1] The Davises did not object to the time extension.

On April 22, 1988, both parties agreed to a three-month continuance as to trial date. On April 27, 1988, the LCB filed an answer and new matter claiming that the case should be barred because the Davises failed to comply with the six-month notice requirement. The Davises filed a

---

1. Pa.R.C.P. No. 248 provides that "the time prescribed by any rule of civil procedure for the doing of any act may be extended or shortened by written agreement of the parties or by order of the court."

motion to strike the LCB's answer and new matter on the ground that the answer and new matter had been untimely filed. Judge Lehrer of the Court of Common Pleas of Philadelphia county dismissed that motion.

The Davises filed a reply to new matter stating that, under 42 Pa.C.S. § 5522(a)(2), a reasonable excuse could be shown for not giving notice of their claim within six months.

On September 26, 1988, the common pleas court conducted an evidentiary hearing regarding the Davises' noncompliance with the notice requirement. The court concluded that the Davises had not shown a reasonable excuse for failing to comply and therefore dismissed their suit.

The questions we must consider are: (1) whether the trial court erred in denying the Davises' motion to strike the LCB's untimely filed answer and new matter; and (2) whether the trial court erred in granting the LCB's motion to dismiss the Davises' complaint for failing to comply with the notice requirements of 42 Pa.C.S. § 5522(a)(1).

## I.

■ In determining whether an answer and new matter is untimely, the trial court must adjust the relative equities in light of any agreement between the parties and the procedural posture of the case. Trial courts have broad discretionary power in considering procedural issues. *Allison v. Merris*, 342 Pa. Superior Ct. 571, 493 A.2d 738 (1985). A trial court has discretionary power to waive noncompliance with procedural rules which govern the timing of pleadings. *Gagliardi v. Lynn*, 446 Pa. 144, 285 A.2d 109 (1971).

■ Before the LCB filed an answer, the Davises took no action to preclude the LCB from filing an untimely answer, nor did they seek a default judgment. Pa.R.C.P. No. 1037(b) does not allow opposing parties to sit idly and then move to strike an untimely answer. Rather, a party must take affirmative action to secure a judgment by

default. *Colonial School District v. Romano's School Bus Service,* 118 Pa. Commonwealth Ct. 460, 545 A.2d 473 (1988).

Pa.R.C.P. No. 126 provides that the rules of civil procedure

> shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties.

Because the LCB's late filing did not prejudice the Davises, the trial court did not abuse its discretion by refusing to strike the LCB's answer and new matter.

## II.

However, we agree with the Davises' assertion that the trial court erred in granting the LCB's motion to dismiss the suit because of the Davises' failure to comply with the notice provision of section 5522 of the Code. The relevant portions of that statute provide:

> (a) **Notice prerequisite to action against government unit.—**
>
> (1) Within six months from the date that any injury was sustained or any cause of action accrued, any person who is about to commence any civil action or proceeding within this Commonwealth or elsewhere against a government unit for damages on account of any injury to his person or property under Chapter 85 (relating to matters affecting government units) or otherwise shall file in the office of the government unit, and if the action is against a Commonwealth agency for damages, then also file in the office of the Attorney General, a statement in writing....
>
> ....
>
> (2) If the statement provided for by this subsection is not filed, any civil action or proceeding commenced

against the government unit more than six months after the date of injury to person or property shall be dismissed and the person to whom any such cause of action accrued for any injury to person or property shall be forever barred from proceeding further thereon within this Commonwealth or elsewhere. *The court shall excuse failure to comply with this requirement upon a showing of reasonable excuse for failure to file such statement.*

(3) In the case of a civil action or proceeding against a government unit other than the Commonwealth government:

. . . .

(iii) failure to comply with this subsection shall not be a bar if the government unit had actual or constructive notice of the incident or condition giving rise to the claim of a person. (Emphasis added).

In *Yurechko v. County of Allegheny*, 430 Pa. 325, 243 A.2d 372 (1968), the Supreme Court held that, where the plaintiff had been ignorant of the law and where the government unit sustained no undue hardship because of the plaintiff's failure to file a claim within the six-month period,[2] the plaintiff had established a "reasonable excuse" for failing to comply with section 5522(a)(1). In a recently decided case, the Commonwealth Court followed the *Yurechko* analysis in stating:

This Court is unable to see any language in Section 5522 of the Code which would provide it with a basis for concluding that the holding of the Supreme Court in *Yurechko* does not control a case where a plaintiff has failed to comply with the notice requirement established by subsection (a)(1) thereof, and then contends that his noncompliance should be excused pursuant to the final sentence of subsection (a)(2).

*Ramon v. Department of Transportation, Bureau of Traffic Safety*, 124 Pa. Commonwealth Ct. 416, 556 A.2d 919, 923 (1989).

**2.** Required by the Act of July 1, 1937, P.L. 2547, formerly 53 P.S. 5301, which has been replaced by 42 Pa.C.S. § 5522.

During the six months following the accident, Davis applied for benefits from the Catastrophic Loss Fund, and hired an attorney to defend him on vehicular homicide charges arising out of the accident. The LCB contends that, because the Davises retained counsel during this period, they cannot assert ignorance of the law as an excuse for failing to comply with the notice requirement. However, *Yurechko* states that a reasonable excuse exists when either the claimant or the claimant's attorney is ignorant of the six-month notice requirement, so long as no undue hardship resulted to the governmental unit.

The LCB relies on this court's decision in *Graffigna v. City of Philadelphia*, 98 Pa. Commonwealth Ct. 624, 512 A.2d 91 (1986), which held that the government unit did not need to show that it had been prejudiced by the appellant's failure to comply with the notice requirement. There this court noted that there are two exceptions to the notice requirement of 42 Pa.C.S. § 5522. The last sentence of section 5522(a)(2) provides one exception by excusing noncompliance when a plaintiff provides a reasonable excuse. Section 5522(a)(3)(iii) provides the other exception by excusing a plaintiff's failure to comply with the notice provision if the government unit had actual or constructive notice of the incident giving rise to the claim.

However, unlike the Davises, the appellant in *Graffigna* did not argue that he had a reasonable excuse for failing to comply with the notice requirement; rather, he argued only that the government unit had constructive notice. Because the issue in the present case is whether the Davises had a reasonable excuse, *Graffigna* is distinguishable. Therefore, following *Yurechko*, the LCB has the burden of proving that undue hardship has resulted to it from the Davises' failure to file a claim within the six-month period.

Accordingly, we affirm the trial court's order denying the Davises' motion to strike the LCB's answer and new matter, but we reverse the trial court's order dismissing the Davises' suit for failure to comply with the notice prerequisite of 42 Pa.C.S. § 5522, and remand the issue to the trial court to

determine whether the LCB can meet its burden of proving that it suffered undue hardship because of the Davises' failure to comply with the six-month notice provision.

## ORDER

NOW, December 21, 1989, the order of the Court of Common Pleas of Philadelphia County, March Term, 1987, at No. 5709, 1987, dated July 11, 1988, is affirmed.

However, the order of the Court of Common Pleas of Philadelphia County, March Term, 1987, No. 5709, dated September 26, 1988 is vacated, and this case is remanded with a direction that the trial court determine whether the LCB can prove that undue hardship has resulted because of the Davises' untimely notice.

Jurisdiction relinquished.

CRUMLISH, Jr., President Judge, dissenting.

I respectfully dissent.

Since our Supreme Court's *Yurechko* holding, this Court has interpreted the reasonable excuse provision of Section 5522(a)(2) to allow an untimely notice of claim based on ignorance of the law *coupled with:* an inability to understand English, *Ramon v. Department of Transportation, Bureau of Traffic Safety,* 124 Pa. Commonwealth Ct. 416, 556 A.2d 919 (1989); a medical misdiagnosis preventing the appellant from knowing the extent of her injuries during the months immediately following the incident, *Hoy v. SEPTA,* 129 Pa. Commonwealth Ct. 353, 565 A.2d 848 (1989); and out-of-state residency of the plaintiff, who was a college freshman, *Augusta v. Department of Transportation,* 128 Pa. Commonwealth Ct. 557, 563 A.2d 1313 (1989). These decisions reflect this Court's interpretation of the General Assembly's intent that citizens, unaware of a notice requirement peculiar to actions against the Commonwealth or its subdivisions, should not suffer absolute relinquishment of their legal remedies.

I cannot embrace the view that reasonable excuse under this provision is limited only to such circumstances as would justify the allowance of an act nunc pro tunc. However, it appears the majority has expanded the legislature's intention by permitting mere ignorance of the six-month requirement *alone* to suffice.

Accordingly, I would affirm the trial court's dismissal of Davis' complaint for failure to comply with Section 5522(a)(1).

PALLADINO, Judge, dissenting.

I must respectfully dissent. The majority's interpretation of the reasonable excuse provision is seriously flawed and contrary to the law of this commonwealth.

The correct result can only be reached in this case if the complete statutory framework is acknowledged. The act[1] which waived sovereign and governmental immunity in limited cases, 42 Pa.C.S. §§ 8501–8563, also contained the six month notice requirement being challenged in the present case, 42 Pa.C.S. § 5522. The relevant portion of this section, 42 Pa.C.S. § 5522(a)(2) provides that:

(2) If the statement provided for by this subsection is not filed, any civil action or proceeding commenced against the government unit more than six months after the date of injury to person or property shall be dismissed and the person to whom any such cause of action accrued for any injury to person or property shall be forever barred from proceeding further thereon within this Commonwealth or elsewhere. *The court shall excuse failure to comply with this requirement upon a showing of reasonable excuse for failure to file such statement.* (Emphasis added.)

The courts of this state have repeatedly held that the statute holding commonwealth parties and municipalities liable for torts is an exception to the absolute rule of immunity and must be strictly construed in favor of the

1. Act of October 5, 1980, P.L. 142.

governmental party. *See Mascaro v. Youth Study Center*, 514 Pa. 351, 523 A.2d 1118 (1987); *Gallagher v. Bureau of Correction*, 118 Pa. Commonwealth Ct. 516, 545 A.2d 981 (1988); *Davidow v. Anderson*, 83 Pa. Commonwealth Ct. 86, 476 A.2d 998 (1984).

A statute which creates both a right of action and contains a limitation on that action is said to contain a statute of repose. *Overmiller v. D.E. Horn & Co.*, 191 Pa. Superior Ct. 562, 159 A.2d 245 (1960). A statute of repose makes time "an essence of the right created" with the limitation being "an inherent part of the statute...." *Guy v. Stoecklein Baking Co.*, 133 Pa. Superior Ct. 38, 1 A.2d 839 (1938). Furthermore, "[w]here a statute fixes the time within which an act must be done, ... courts have no power to extend it, or to allow the act to be done at a later day, as a matter of indulgence. Something more than mere hardship is necessary to justify an extension of time, or its equivalent,—an allowance of the act nunc pro tunc." *Schrenkeisen v. Kishbaugh*, 162 Pa. 45, 48, 29 A. 284, 285 (1894). *See also In re Vacation of Portion of Dorney Park*, 503 Pa. 67, 468 A.2d 462 (1983); *Wise v. Cambridge Springs Borough*, 262 Pa. 139, 104 A. 863 (1918). The only way statutes of repose may be extended is by estoppel, *Overmiller*, 191 Pa. Superior Ct. at 567, 159 A.2d at 247, which means the party seeking to extend the statute must show that he "has been prevented from appealing by fraud, or by the wrongful or negligent act of a court official" or is "unintentionally deceived as to his rights" by another party. *Guy*, 133 Pa. Superior Ct. at 47, 1 A.2d at 843.

Applying these principals to the case at bar, it is clear that the six month limitation period is a statute of repose, which *cannot* be waived by this court. The six month filing requirement, being part of the act reestablishing sovereign immunity, must also be strictly construed. We must assume that the legislature knew the state of the law when it wrote the statute, including that portion which excuses a failure to meet the six month notice requirement upon a "showing of reasonable excuse". Under the cases cited

above, a "reasonable excuse" would only be fraud or wrongful act of a court official or other party to the action. It would not include the mere lack of knowledge of the requirement, as the majority opinion permits. If mere ignorance were sufficient, the legislature would have worded the statute differently. Courts cannot infer that the legislature intended any exceptions or qualifications not clearly expressed in the statute itself. *Otis ex rel Eaton v. Bennett*, 91 F.2d 531 (3rd Cir.) *cert. den. Otis v. Bennett*, 302 U.S. 727, 58 S.Ct. 48, 82 L.Ed. 561 (1937); *Miller v. Commonwealth*, 5 Watts & S. 488 (1843).

The majority acknowledged the language of Judge Craig, speaking for the court, in *Graffigna v. City of Philadelphia*, 98 Pa. Commonwealth Ct. 624, 630, 512 A.2d 91, 94 (1986), interpreting the limitation in question here, that "a government unit need not show that it was prejudiced by lack of timely notice. *The statute imports no such requirement.*" (emphasis added). Yet, under the majority's view in the instant case, all a petitioner needs to show is lack of knowledge of the notice requirement, and then the burden shifts to the government entity to show prejudice, which we held in *Graffigna* the governmental unit need not show.

Furthermore, the majority's reliance on *Yurechko v. County of Allegheny*, 430 Pa. 325, 243 A.2d 372 (1968) is misplaced. *Yurechko* was not interpreting the statute in question, but rather the Act of July 1, 1937, P.L. 2547, *formerly* 53 P.S. § 5301, repealed by the Act of April 28, 1978, P.L. 202. The statute in *Yurechko* was only applicable to municipalities, not commonwealth agencies. It is also important to consider the time period during which *Yurechko* was decided, a time when the courts were slowly chipping away at the *judicial* doctrine of governmental immunity, but had not yet abrogated the doctrine completely. *See Ayala v. Philadelphia Board of Public Education*, 453 Pa. 584, 305 A.2d 877 (1973). After the supreme court abolished both governmental and sovereign immunity, *Ayala; Mayle v. Pennsylvania Department of Highways*, 479 Pa.

384, 388 A.2d 709 (1978), the legislature in this state took action to reaffirm the doctrines of immunity which had existed as judicial doctrines and established limited causes of action against the commonwealth and municipalities. *See* 42 Pa.C.S. §§ 8501–8564. Citing *Yurechko* to support the result of the majority is an application of a case out of context, and constitutes a failure by the majority to abide by the mandate of this court and the supreme court to strictly construe the exceptions to the absolute rule of sovereign immunity.

As for the case of *Ramon v. Department of Transportation, Bureau of Traffic Safety,* 124 Pa. Commonwealth Ct. 416, 556 A.2d 919 (1989), this court erred when it created an exception to the six month notice requirement for mere ignorance of the law. *See Link v. McLeod,* 194 Pa. 566, 45 A. 340 (1900). In *Ramon* the court found that the plaintiffs were totally unaware of the legal requirements concerning suit, and were unable to understand the law because English was not their primary language. However, a statute of limitation continues to run against persons under a disability, including minors and incompetents. *Walters v. Ditzler,* 424 Pa. 445, 227 A.2d 833 (1967), unless a savings clause prohibits the running of the limitation period. *Peterson v. Delaware River Ferry Co.,* 190 Pa. 364, 42 A. 955 (1899). *Ramon* is clearly contrary to these long standing principles.

In the present case the Davises have, at most, shown only an ignorance of the law, by themselves and their attorney. The Davises had a duty to use all reasonable diligence to inform themselves of the facts and to institute the suit within the prescribed period. *Turtzo v. Boyer,* 370 Pa. 526, 88 A.2d 884 (1952). Mere mistake, misunderstanding or lack of knowledge is not sufficient to toll the running of the limitations period, *Nesbitt v. Erie Coach Company,* 416 Pa. 89, 93, 204 A.2d 473, 475 (1964), nor to change the party upon whom the burden to show cause shall be placed. Nor have the Davises shown any disability which is protected by any savings clause to prohibit the running of the limitation period.

While recognizing that the legislature has provided a vehicle for extension of the six month period, i.e. a "reasonable excuse," the case law is clear that a reasonable excuse is limited to cases of fraud or other wrongful acts by court personnel or the other party. The Davises have not shown any fraud or wrongful act by any court official or other party. As a result, they have failed to prove the factors necessary for extension of the six month notice period.

Accordingly, I would affirm the order of the trial court dismissing the suit for failure to comply with the six month notice requirement.