OPINION OF THE COURT
Rudolph E. Greco, Jr., J.
This court’s previous order scheduling the instant motion for a conference/hearing dated October 26, 2016 (Greco, J.) is hereby vacated sua sponte, and, upon the papers submitted as well as oral arguments the following is this court’s decision on the motion:
This is an action for serious personal injuries sustained by plaintiff, a 55-year-old non-English speaking man, when he disembarked a train owned and operated by defendant Southern Pennsylvania Transportation Authority (SEPTA) in Claymont, Delaware after having boarded the train in Philadelphia, Pennsylvania. He alleges that the railroad car leaned away from the platform creating a dangerous gap causing him to fall upon stepping from the car to the platform. SEPTA, an agency of the Commonwealth of Pennsylvania having a principal place of business at 1234 Market Street, Philadelphia, PA, seeks by this motion to dismiss plaintiff’s complaint asserting the following: (1) this court lacks personal jurisdiction pursuant to CPLR 302; (2) forum non conveniens pursuant to CPLR 327 warrants dismissal; and (3) SEPTA is immune from suit and plaintiff’s action is time-barred under certain Pennsylvania statutes. This court disagrees.
*932 Personal Jurisdiction
CPLR 302 (a) provides that “a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent: 1. transacts any business within the state or contracts anywhere to supply goods or services in the state.” Plaintiff states, and SEPTA does not deny, that tickets for SEPTA trains are sold in New York’s Penn Station at a New Jersey Transit ticket window. Although New Jersey Transit and SEPTA are separate and distinct entities, again, SEPTA does not deny ticket sales here in New York, nor receipt of the proceeds therefrom. Clearly, by virtue of these sales and the realization of the profits, SEPTA is transacting business in New York. Additionally, SEPTA presumably has a contract with New Jersey Transit to, in New York, supply the tickets and service of riding its trains. SEPTA’s arguments to the contrary do not negate the business of selling tickets that they do in this jurisdiction, and it would, therefore, be unreasonable for SEPTA to argue that it would never anticipate suit in this state. It is without question that an individual domiciled in New York can purchase a ticket in New York to board and ride a SEPTA train regardless that such trains may not operate in this state. Accordingly, the business they transact here in New York brings SEPTA under the jurisdiction of our courts.[1]
Forum Non Conveniens
Defendant’s counsel also argues that this action should be dismissed pursuant to forum non conveniens. This common-law doctrine articulated in CPLR 327 “permits a court to stay or dismiss [an] action [ ] where it is determined that the action, although jurisdictionally sound, would be better adjudicated elsewhere” (Islamic Republic of Iran v Pahlavi, 62 NY2d 474, 478-479 [1984]; see also Silver v Great Am. Ins. Co., 29 NY2d 356, 360 [1972]; Gulf Oil Corp. v Gilbert, 330 US 501, 507-509 [1947]). The burden rests on the challenging defendant to show relevant private or public interest factors which dictate against accepting the litigation (see Piper Aircraft Co. v Reyno, 454 US 235, 241 [1981]; see generally Gulf Oil Corp. v Gilbert). The court after considering and balancing such factors, not one of which is controlling (see Piper Aircraft Co. v Reyno at 249-250), *933 must exercise its discretion in determining whether to retain jurisdiction or not. It has, however, been recognized that “the balance must be very strongly in favor of the defendant, before the plaintiff’s choice of forum should be disturbed” (Olympic Corp. v Societe Generale, 462 F2d 376, 378 [2d Cir 1972]; see also Gulf Oil Corp. v Gilbert at 508). The great advantage of this doctrine lies in its flexibility when applied to the specific facts and circumstances of each case (see Martin v Mieth, 35 NY2d 414, 418 [1974]; Silver v Great Am. Ins. Co. at 361).
In this case, defendants arguing in a cursory fashion claim many of the factors apply, to wit: (1) Pennsylvania is available as an alternate forum, one in which witnesses and evidence are more readily available; (2) the cause of action has no connection to New York; and (3) SEPTA would face a substantial hardship litigating in New York which would not likewise be suffered by plaintiff. In disavowing each of these arguments the court finds the doctrine and CPLR 327 inoperable to remove this matter from our jurisdiction. Defendant’s first contention is belied by arguments made later in its motion relative to its proffered immunity and the action being barred.[2] As to the witnesses and evidence defendant offers no examples of either; it fails to name any known witnesses or provide their whereabouts, and plaintiff clarifies that there were no known witnesses to his fall, rather, two individuals he titles conductors approached him after the fall. Moving on, the clear connection this action has to New York is that the plaintiff/injured party resides here. Finally, as to the hardships faced by each party it seems evident that those facing the senior individual who does not have a command of the English language are greater than those faced by the large multistate transportation company who, again, could have anticipated suit in New York based upon its direct ticket sales herein.
Immunity and Bar
Defendant asserts and plaintiff admits that SEPTA as a public authority enjoys sovereign immunity and freedom from suit (see 74 Pa Cons Stat § 1711 [c] [3]; 1 Pa Cons Stat § 2310). Likewise, both parties agree that there are exceptions to this immunity (id.; see also 42 Pa Cons Stat §§ 8501-8528). Plaintiff, *934 however, misapplies an exception in citing 42 Pa Cons Stat § 8522 (b) (4) that exempts dangerous conditions of real estate belonging to the Commonwealth agency (id.). The accident giving rise to plaintiff’s injuries did not happen on real estate, i.e., the platform, as argued; admittedly the injuries were incurred when plaintiff was stepping from the railroad car to the platform by an alleged dangerous condition created by the car leaning away from such platform. This position was taken up by the defendant in its reply, and this court agrees. However, in reviewing all applicable exceptions this court imposes a more appropriate one; that found under subsection (b) (1) of 42 Pa Cons Stat § 8522, which is relative to motor vehicles inclusive of those operated by rail (id.). Accordingly, SEPTA’s defense of immunity from suit falls away and liability may be imposed.
Finally, SEPTA argues that plaintiff’s action is barred under 42 Pa Cons Stat § 5522 that is similar to statutes here in New York in that it imposes a time limitation in which an injured party must file notice of his/her claim when such action is against a governmental unit. That limitation is within six months from the date of the injury (see 42 Pa Cons Stat § 5522 [a] [1]). SEPTA indicates that it received plaintiff’s notice on May 16, 2016 which, given that plaintiff’s alleged injuries were incurred on October 20, 2015, was 26 days too late. In again admitting exceptions to this hard and fast rule, SEPTA dismisses that plaintiff can claim any, i.e., he was not incapacitated or disabled, he did not die, and they did not have actual or constructive notice of the incident or condition giving rise to the claim (see 42 Pa Cons Stat § 5522 [a] [3] [i]-[iii]). The court wholly disagrees and finds that plaintiff was incapacitated in that he testifies by affidavit that he had wrist surgery the evening of the accident, with a second surgery following thereafter. Additionally, when providing the notice he was well within the 90-day extension granted by virtue of having such incapacity (see 42 Pa Cons Stat § 5522 [a] [3] [i]).
Even more so, failure to comply with the time requirement may be pardoned upon a showing of a reasonable excuse for such failure (see 42 Pa Cons Stat § 5522 [a] [2]), a condition defendant conceals in not citing the entirety of the statute in its moving papers. Ignorance and inability to understand where there is no prejudice to the governmental unit has been accepted as a reasonable excuse (see Thomas v City of Philadelphia, 861 A2d 1023, 1027 [Pa Commw Ct 2004]; see also Ramon *935 by Ramon v Commonwealth of Pa, Dept. of Transp., 124 Pa Commw 416, 556 A2d 919 [1989]). Surely plaintiffs lack of a command of the English language and his injuries that required no less than two surgeries constitute reasonable excuses that outweigh any potentially claimed prejudice from a negligible 26-day delay in providing notice.
For the foregoing reasons, defendant’s motion to dismiss plaintiff’s complaint is denied in its entirety.

. SEPTA attempts to rely on other Pennsylvania statutes as a basis for lack of jurisdiction and improper venue for the first time in its reply that were not raised in its original moving papers, and as such arguments to that effect were not considered by this court.

. It appears SEPTA is arguing to remove this action to Pennsylvania courts only to then seek dismissal there based upon its argued immunity and the claim being barred thus, essentially denying the injured party an opportunity to be heard on the merits.